Edmund J. PIECKELUN

v.

KIMBERLY–CLARK CORPORATION.

Civ. A. No. 79–4409.

United States District Court, E. D. Pennsylvania.

June 20, 1980.

---

**94**

Mark D. Turetsky, Norristown, Pa., Gerald D. Wahl, Detroit, Mich., for plaintiff.

Mark S. Dichter, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Involuntarily retired in December 1976, plaintiff instituted this suit under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. (ADEA) and charged defendant, his former employer, with violations of this act and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.[1] Defendant now moves to dismiss the complaint, or alternatively for summary judgment, on several grounds. First, defendant argues that plaintiff's failure to give the Secretary of Labor notice of his intent to sue within three hundred days of the allegedly illegal discharge and his failure to commence appropriate proceedings before the Pennsylvania Human Relations Commission bar his ADEA claim. Second, defendant contends that conformation of plaintiff's retirement to defendant's bona

fide retirement pension plan[2] bars his claims under both federal and state law. Finally, the Court lacks jurisdiction of plaintiff's state claim, defendant argues, because plaintiff did not plead diversity sufficiently and because the Pennsylvania act does not permit the filing of an independent civil action until after a prospective plaintiff files a complaint with the Pennsylvania Human Relations Commission.

■ Addressing the first argument, plaintiff responds that he complied with ADEA filing and notice requirements by contacting an attorney with the Department of Labor on February 1, 1977, forty days after his discharge. On that date in Atlanta, Georgia, plaintiff interviewed with a Department lawyer, Thomas Brown, who indicated to plaintiff that he was compiling information for a class action complaint against defendant on the basis of age discrimination. Plaintiff told the attorney that he "wished" to file a charge with the Department of Labor under the ADEA.[3] Plaintiff did not hear from Brown until August 1978, eighteen months later, when plaintiff called him and learned that Brown had been unsuccessful in instituting the proposed class action. Plaintiff then contacted the Allentown office of the Department of Labor's Wage & Hour Division and completed an Employee Personal Interview Statement which contained details of his charge against defendant. On January 10, 1979, the Department informed him by letter that conciliation efforts had failed and that the Department would take no further action. Plaintiff then filed this action on December 4, 1979.

■ Defendant disputes plaintiff's characterization of the February 1977 interview with Brown. Defendant emphasizes that the "spontaneous" answers which plaintiff

---

1. For the purpose of defendant's motion to dismiss, the allegations in plaintiff's complaint are accepted as true. See Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965).

   Generally, the ADEA proscribes arbitrary discrimination based on age in employment practices. Oscar Mayer & Co. v. Evans, 441

U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), Lorillard v. Pons, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978).

2. Defendant also contends that the plan is not a subterfuge to avoid the purposes of the ADEA. See 29 U.S.C. § 623(f)(2).

3. Plaintiff's Affidavit, ¶ 4.

supplied in the course of his deposition render a much more accurate description of what really transpired than "the lawyer-drafted allegations" submitted by plaintiff.[4] At the deposition, defendant argues, plaintiff could not remember any conversation other than one in which he discussed with Brown the possibility of participating in a class action against defendant. With respect to plaintiff's notice to the Department of Labor of his intent to sue, plaintiff admitted that they never discussed the subject:

Q. When was the first time that Mr. Brown discussed with you or you discussed with Mr. Brown an individual action against [defendant]?

A. Approximately eighteen months later [than February 1977].

*    *    *    *    *    *

Q. Then, was your only conversation with Mr. Brown in February of 1977 in connection with the class action that he was contemplating?

A. That's right.

Q. Not in connection with an individual action?

A. That's right.

*    *    *    *    *    *

Q. Do you recall eighteen months later discussing an individual action with Mr. Brown?

A. Not discussing. He left the message that I should go ahead and institute an individual action.

Q. To the best of your recollection, is that the first time that the subject of an individual action was discussed?

4. Defendant's Reply Brief at 2.

5. Plaintiff deposition (Tr. 13–15).

6. Cf. *Mikkilineni v. United Engineers & Constructors, Inc.,* 485 F.Supp. 1292 (E.D.Pa.1980) (merely requesting information regarding the method by which to file an administrative complaint does not constitute filing thereof).

7. Compare *Sutherland v. SKF Industries, Inc.,* 419 F.Supp. 610 (E.D.Pa.1976), where the Department of Labor affirmatively misled plaintiff as to the requirements of filing a written notice, which would have been timely but for the mis-

A. Right, to the best of my recollection.[5] Assuming for present purposes that plaintiff unequivocally indicated to Brown that he desired to sue defendant, merely providing the Department of Labor with information concerning alleged unlawful age discrimination will not satisfy the notice requirements of the ADEA. *Charlier v. S. C. Johnson & Sons, Inc.,* 556 F.2d 761 (5th Cir.1977); nor will a written request that the Department of Labor institute litigation on behalf of the grievant. *Powell v. Southwestern Bell Telephone Co.,* 494 F.2d 485 (5th Cir.1974).[6] In the case at bar, the Department of Labor did not notify defendant of the existence of plaintiff's claim or attempt conciliation until October 1978. Documents adduced by plaintiff indicate that the Department did not consider charges to have been filed by plaintiff until his complaint dated August 30, 1978. The Department's interpretation of plaintiff's conduct provides useful guidance in divining the meaning of the message which plaintiff conveyed to Brown concerning institution of a suit against defendant. The difficulty in ascertaining intent behind ambiguous conduct has prompted courts to conclude that, absent extraordinary circumstances,[7] oral notice will not constitute notice. *Reich v. Dow Badische Co.,* 575 F.2d 363 (2d Cir.1978), *cert. denied,* 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1979), *Hays v. Republic Steel Corp.,* 531 F.2d 1307 (5th Cir.1976). Where, as here, plaintiff's alleged oral notice lacked the "content" and "clarity of expressed purpose", allowing oral notice to suffice would result in

obscure protractions and confusion in proceedings that are intended to be quickly

representation. Plaintiff's oral notice to the Department provided all necessary information and defendant suffered no prejudice by the slight delay. Under these unusual circumstances the Court permitted oral notice to the Secretary as sufficient.

In the case at bar, none of these circumstances exist. Plaintiff waited eighteen months before taking further action after the Atlanta conference. This delay frustrates the Congressional purpose behind requiring notice by forcing defendant to defend a stale claim.

prosecuted, while restoration to employment with minimal derangement of the affairs of the employer and employee can still be seen as possible.

*Reich v. Dow Badische Co.*, 575 F.2d at 368.

■ However, plaintiff's failure to notify the Secretary of Labor promptly and properly will not bar his cause of action. The time period requirement[8] is not jurisdictional; it is "in the nature of a statue of limitations and therefore subject to possible tolling and estoppel". *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 192 (3d Cir.

1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1979). *See also Davis v. Calgon Corp.*, —— F.2d ——, (3d Cir. 1980). Plaintiff has not alleged any circumstances warranting the tolling of this "statute of limitations". For example, plaintiff has not alleged that defendant failed to post notices required by the ADEA[9] or that he was unaware of the facts giving rise to his cause of action.[10] Plaintiff did not contend that he had filed a timely state complaint predicated on age discrimination and affording defendant notice.[11] Plaintiff did not allege

---

8. At the time of plaintiff's retirement § 626(d) provided in pertinent part that

[n]o civil action may be commenced by an individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed

(1) within one hundred and eighty days after the alleged unlawful practice occurred, or (2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under state law, whichever is earlier.

Section 633(b) further provides that

[i]n the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated . . .

At all relevant times prior to his retirement plaintiff lived and worked in the Commonwealth of Pennsylvania, where the alleged discrimination occurred. Section 955 of the Pennsylvania Act prohibits discrimination in employment because of age and Section 956 establishes the Pennsylvania Human Relations Commission, which investigates complaints of discrimination and issues orders requiring employers "to cease and desist from such unlawful discriminatory practices and to take such affirmative action including but not limited to hiring, reinstatement or upgrading of employees, with or without back pay . . ." (§ 959). Thus, Pennsylvania is a state to which Section 633(b) of the ADEA applies. If plaintiff had filed a complaint with the appropriate state agency, plaintiff would have extended the time in which to give the Secretary of Labor notice of intent to sue within three hundred days after his retirement on December 22,

1976. *See* Section 626(d)(2). This time period expired October 18, 1977, one full year before plaintiff filed with the Secretary of Labor. However, plaintiff's failure to file with the Pennsylvania Human Relations Commission within one hundred eighty days of his discharge denied him this extension of time. *Davis v. Calgon Corp., supra.*

The 1978 amendment to the ADEA changed the requirement of giving a "notice of intent to file such action" to the requirement of filing "a charge alleging unlawful discrimination". However, even if the three hundred day period applied to plaintiff, that time expired on October 18, 1977, well before the effective date of the amendments which have not been applied retroactively. *See Kuhar v. Greensburg-Salem School District*, 616 F.2d 676 (3d Cir.1980).

9. *See* 29 U.S.C. § 627, which provides that "[e]very employer . . . shall post and keep posted in conspicuous places upon its premises a notice . . . setting forth information as the Secretary deems appropriate to effectuate the purposes of this chapter."

10. *See Ricks v. Delaware State College*, 605 F.2d 710 (3d Cir.1979).

11. That is within the time period, plaintiff did not file any state complaint that would have put defendant on notice of his suit. Plaintiff admits that commencing state proceedings is a condition precedent to filing a civil action. *See* 29 U.S.C. § 633(b) and *Goger v. H. K. Porter Co.*, 492 F.2d 13 (3d Cir.1974). However, plaintiff contends that he did not need to file the charges with the state agency within the applicable state statute of limitations. *See Oscar Mayer Co. v. Evans, supra.* Plaintiff sent a letter, which he characterizes as a notice of intent to sue, to the Pennsylvania Human Relations Commission on April 24, 1979, more than seven months before he filed suit in federal court. Therefore, plaintiff urges, he has complied with § 962(b) of the Pennsylvania Act. However, under the Pennsylvania Act the only way to commence proceedings in connection

that any representative of the Department of Labor suggested that oral communications would suffice as notice. Plaintiff did not allege that the Department misled him concerning the filing of the complaint.[12] In fact, plaintiff pointed to no conduct of the defendant which would provide a basis for the tolling of the limitations period. *See generally Larson v. American Wheel & Brake, Inc.,* 610 F.2d 506 (8th Cir.1979). Congress inserted notice requirements into the ADEA for a specific purpose, affording the Department (or an appropriate state agency or both) an opportunity for "resolving disputes without the antipathies spawned by litigation and of affording the prospective defendant an opportunity to comply with the law voluntarily or to explain and justify his conduct prior to the expense and publicity of litigation". *Martin v. Easton Publishing Co.,* 478 F.Supp. 796, 797 (E.D.Pa.1979). In fact, Congress subordinated private vindication of rights under the ADEA to administrative remedies and suits initiated by the Secretary of Labor. *See Rogers v. Exxon Research Engineering Co.,* 550 F.2d 834 (3d Cir.1977). If the Secretary decides to proceed with a legal action against an employer, the employee's private rights are expunged and he cannot pursue the matter further. If a private litigant commences an action, any action taken by the Secretary supersedes. 29 U.S.C. § 626(c).[13]

Against such a background of strong Congressional emphasis on public vindication of defeasible private rights the "stat- ute of limitations" provided by the ADEA cannot be disregarded unless the plaintiff can adduce sound reasons for doing so. True, the ADEA should be construed broadly as humanitarian and remedial legislation, *Davis v. Calgon Corp., supra, Bonham v. Dresser Industries, Inc., supra,* but to allow plaintiff to wait three years before prosecuting his claim defeats the purposes which Congress intended in providing for the notice requirement, forces defendant to defend against a stale claim and denies the defendant the opportunity to comply or conciliate prior to litigation.

Accordingly, defendant's motion to dismiss the complaint will be granted.[14]

---

with an age discrimination claim is for the claimant to

> make, sign and file with the Commission a verified complaint in writing, which shall state the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful discriminatory practice complained of and which shall set forth the particulars thereof and contain such other information as may be required by the Commission.

§ 959. At his deposition plaintiff confirmed that the letter from his attorney was the only written communication to the state agency. Plaintiff did not sign the letter, which does not constitute a complaint under the Pennsylvania Act or refer to plaintiff's alleged intention to commence proceedings under the Pennsylvania Act. Rather, the letter deals only with plain- tiff's intention to commence suit under the ADEA and requests the Department of Labor to investigate plaintiff's claim.

Therefore, the determination of the Supreme Court in *Oscar Mayer Co. v. Evans, supra,* that the availability of a defense based upon the statute of limitations will not bar commencement of state proceedings does not apply here. Plaintiff never commenced proceedings under the Pennsylvania Act.

**12.** *Cf. Sutherland v. SKF Industries, Inc., supra* at n.7.

**13.** *See also Rogers v. Exxon Research Engineering Corp., supra.*

**14.** We find it unnecessary to reach defendant's other contentions.