Lee Clark **PHILLIPS**, Plaintiff-Appellant,

v.

**SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY,** Defendant-Appellee.

No. 79–4044.

United States Court of Appeals, Fifth Circuit. Unit B

July 13, 1981.

James L. Ford, Atlanta, Ga., for plaintiff-appellant.

Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Thomas C. Shelton, Edmund M. Kneisel, Vincent L. Sgrosso, Atlanta, Ga., for defendant-appellee.

Before MILLER *, Judge, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

\* Judge of the United States Court of Customs and Patent Appeals, sitting by designation.

1. 29 U.S.C. § 621 et seq.

2. 29 U.S.C. § 626(d) provided in pertinent part:
   No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—
   (1) within one hundred and eighty days after the alleged unlawful practice occurred, or
   (2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of pro-

MILLER, Judge:

This appeal is from the judgment of the district court in an Age Discrimination in Employment Act ("ADEA")[1] case following a jury verdict in favor of defendant-appellee ("Southern Bell"). The court ordered—

> that the Plaintiff take nothing, that the action be dismissed on the merits, and that the defendant, SOUTHERN BELL TELEPHONE & TELEGRAPH CO., recover of the Plaintiff, LEE CLARK PHILLIPS, its costs of action.

We affirm.

## BACKGROUND

Appellant Phillips instituted this action on April 21, 1975, alleging violations of the ADEA in terms of promotion and pay. Although claiming violations as early as January of 1972, it was not until July 31, 1974, that he filed a notice of intent to sue, required by the ADEA[2] to be filed within one hundred and eighty days after an alleged violation.

Phillips was first employed by Southern Bell in 1931 and progressed through various nonsupervisory and supervisory positions until his promotion to the division or fourth level of management in 1960. During the 1960's, he was first stationed in Atlanta as a division commercial supervisor, responsible for the commercial operations in the North Georgia division of Southern Bell and with four district managers reporting to him. In 1962, he became general commercial super-

ceedings under State law, whichever is earlier.
This section was modified slightly by § 4(b)(1) of Pub.L. 95–256, 92 Stat. 190, 191 (1978). 29 U.S.C. § 633(b) provides in pertinent part:
   In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated . . . .

visor for the entire state, but in 1967 he was transferred to Macon as a division commercial manager—a position similar to the one he held during 1960–62. In 1969, he was transferred back to Atlanta where he headed the Business Information System having to do with the flow of information within Southern Bell and between it and its customers. While he was at the division level, he received "B" ratings, the lowest acceptable ("A plus," "A," "A minus" being the others). In 1971, an assistant vice president, James Land, advised Phillips that unless he immediately chose to retire, he would be demoted and would receive a salary cut. The vice president for Georgia operations, Jasper Dorsey, urged Phillips to retire immediately to avoid a salary cut that would affect his pension. Nevertheless, he was not forced to retire. In late 1971 Dorsey made the decision to demote Phillips to a district or third level position after he and Land tried to find another division level position for him.[3]

Phillips protested the decision and had a detailed discussion about it with N. R. Johnson, Southern Bell's Vice President for Personnel. During the discussion, he mentioned the possibility of age discrimination, but was assured that was not involved.[4]

On February 1, 1972, Phillips was demoted to a third level staff position under one D. B. Daves. His salary of $24,200 was not reduced, although this meant that he was paid considerably more than other district level employees. Daves first rated his performance unsatisfactory and found him "less than promotable." In the fall of 1973, his rating was raised to "B" or "minimum satisfactory," which enabled him to be transferred to a line district job, where his performance continued to improve. At his next annual salary review, his rating was raised from "B" to "A," and on November 1, 1974, he was made district manager of the South Fulton District, where he continued until his retirement in 1979. In this position, he was not rated a "promotable" employee, but received the highest rating obtainable and regular salary increases.[5]

## OPINION

■ During the jury's deliberations, it asked the court whether its understanding was correct—that an act of discrimination under the ADEA has to occur within the 180-day period (prior to filing notice of intent to sue). The court responded affirmatively. This was not error, as alleged by Phillips, but followed clear precedent established by this court. *Templeton v. Western Union Telegraph Co.*, 607 F.2d 89 (5th Cir. 1979), and cases cited therein.

■ Appellant has not provided any evidence of any act by Southern Bell constituting what *might* be considered age discrimination affecting him during the 180-day period from February 1, 1974, to July 31, 1974 (the date of the notice of intent to sue). The act closest to that period that *might* be considered discriminatory was February 1, 1972, the date of Phillips' demotion, which was long before the begin-

---

3. As part of a reorganization, some fourth level positions, including Phillips' position, were eliminated.

4. Phillips points to Southern Bell's Management Development and Evaluation Plan of January 1974 which lists "superannuation" as one of several factors in rating an employee's performance less than acceptable. The term is not defined in the plan, but a witness for plaintiff who was an employee in Southern Bell's personnel department gave the following as an example:

   We went to a new mechanized procedure in repair service where you now call 611, and the repair clerks were previously in test centers all over the state of Georgia, and the new procedures were somewhat mechanized and required a higher level really of capability, and some of these people just could not do the work, and we had to remove them from the job and find jobs elsewhere, and we called that pretty much superannuation.
   We do not regard such a factor so described as falling within the scope of the ADEA.

5. Phillips' salary increases were as follows:

   | | | |
   |---|---|---|
   | 11/1/74 | to | $25,900 (from $24,200) |
   | 1/1/75 | to | 27,300 |
   | 12/1/75 | to | 28,700 |
   | 12/1/76 | to | 31,500 |
   | 12/1/77 | to | 34,500 |
   | 4/1/78 | to | 37,100 |
   | 4/1/79 | to | 40,900 |

ning of the 180-day period. Accordingly, what the Supreme Court said in *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977), in an analogous [6] sex discrimination case under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), is on point:

A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed. It may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequences.

*See Delaware State College v. Ricks*, —— U.S. ——, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980).

Phillips argues that the district court erred in its instruction to the jury because, he says, the issue is not "whether a discrete act of discrimination" took place within the 180-day period, but "whether there was evidence upon which the trier of fact could conclude that the defendant, appellee herein, did have and maintain during that period, a present policy of age discrimination against the plaintiff." [7] He points to the record showing that he "never received a

raise, a bonus, or any increase in his earnings, until November 1, 1974, after he had notified Southern Bell that he was going to sue it for age discrimination." However, Southern Bell has shown that Phillips' salary was not reduced when he was demoted to the third or district level, so he was ineligible for a pay increase until the salary scale for "A" rated district managers exceeded $24,200; from that time until his retirement he received substantial increases in salary, as related earlier. Phillips points out that he was not eligible for promotion back to the fourth or division level during the 180-day period, but there is no evidence showing that any younger employee who had been demoted was treated more favorably or assigned better ratings than Phillips; nor is there any evidence that, during the 180-day period, there was any fourth level vacancy for which he was qualified. [8]

■ We note that Phillips has not argued the point of equitable tolling of the 180-day period for filing a notice of intent to sue, which this court has said would be warranted where, for example, a defendant through misleading conduct has induced a plaintiff to delay filing suit until the limitations period has been run. *Coke v. General Adjustment Bureau, Inc.*, 616 F.2d 785 (5th

6. "Because Title VII shares with ADEA a common purpose, *i. e.*, elimination of discrimination in the workplace, because the statutory schemes are similar, and because both statutes require an almost identical filing with the appropriate agency within 180 days after the alleged discriminatory act, both this circuit and the Supreme Court have considered cases arising under one statute to have value as precedent for cases arising under the other." (Footnotes omitted.) *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 587 (5th Cir.1981).

7. This issue was the subject of motions for summary judgment and directed verdict by Southern Bell which the district court denied. Denial of motion for directed verdict is the subject of Southern Bell's cross-appeal here. Because we affirm the judgment of the district court, it is unnecessary to decide the propriety of the court's denial of that motion. In its instructions to the jury, the district court appeared to bend over backwards to accommodate Phillips by stating that Phillips could make out a prima facie case by establishing, among other things, the Phillips had the ability to do a

job or jobs which Southern Bell had available or made available to younger persons and that Southern Bell gave salary increases to persons younger than he for the position he sought or provided statistical evidence of discriminatory intent.

8. Phillips argues that the district court erred in refusing to allow into evidence various summary charts prepared from computer printouts of Southern Bell's work force. However, Southern Bell properly points out that, while the data showed that among persons promoted and demoted, proportionately more younger than older employees were promoted and proportionately more older than younger employees were demoted, Phillips failed to show the percentages of third level employees, by age, who might have been candidates for promotion but were not promoted, or the percentages of fourth level employees, by age, who might have been subject to demotion but were not demoted. Thus, there was no error or abuse of discretion by the district court.

Cir.1980). No evidence of such conduct on the part of Southern Bell has brought to our attention.

In view of the foregoing, the judgment of the district court is AFFIRMED.