**Joel T. McCLINTON, Plaintiff,**

v.

**ALABAMA BY–PRODUCTS CORPORATION and Ralph Stuckey, Defendants.**

**Civ. A. No. 82–G–0570–S.**

United States District Court,
N.D. Alabama, S.D.

Sept. 1, 1983.

---

James C. King, Wilson & King, Jasper, Ala., for plaintiff.

William F. Gardner and David Smith, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, Ala., for defendants.

## MEMORANDUM OPINION

GUIN, District Judge.

In this age discrimination action, plaintiff Joel T. McClinton asserts a claim against defendants Alabama By-Products Corporation and Ralph Stuckey under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.* This cause is presently before the court on defendants' motion to dismiss, which the court elects to treat as a motion for summary judgment.

On January 31, 1981, plaintiff McClinton was terminated from his employment with defendant Alabama By-Products Corporation. According to his affidavit, plaintiff believed that he had been unjustly terminated due to his age and health. Within thirty days of his termination, plaintiff thus attempted to file some type of claim with a federal government agency in Birmingham, Alabama. McClinton initially attempted to file a discrimination suit with the Labor Department and was allegedly told by someone in that office that he needed to contact the Labor Relations Board. He did not personally visit that office, however, at that time, but claims that he telephoned the Labor Relations Board office later in the week and was told that they could not help him because he did not be-

long to a union. McClinton states that he was unsuccessful at another attempt to contact the Labor Department. Plaintiff did not make any other attempts to file an age discrimination claim. McClinton claims that during this time he attempted to secure new employment, but after he was not successful he contacted an attorney.

On January 12, 1982, nearly one year after his termination, McClinton filed an age discrimination charge with the Equal Employment Opportunity Commission (EEOC). Plaintiff was informed on January 20, 1982, that the EEOC would not proceed further with his charge because he had failed to comply with the ADEA requirement that charges be filed within 180 days of his discharge. Plaintiff commenced this present action on March 19, 1982.

In his brief, plaintiff asserts that the 180-day limitations period should be equitably tolled because of Alabama By-Products' failure to meet its statutory duty to post information concerning the ADEA, in conformity with ADEA Section 8, 29 U.S.C. § 627. The court finds that, although in some instances the 180-day limitations period is subject to tolling, the equities in this case are not substantial enough to justify plaintiff's failure to comply with the requisite filing period.

■ Section 7(d)(1) of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626(d)(1), provides a 180-day time limitation in which an aggrieved party may initiate an action under the ADEA. The Act provides in part:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary. Such a charge shall be filed
>
> (1) within 180 days after the alleged unlawful practice occurred . . . .

Timely filing of a charge within 180 days is a requirement which "constitutes a prerequisite to an action based upon the ADEA." ·

*Templeton v. Western Union Telegraph Co.,* 607 F.2d 89, 91 (5th Cir.1979). *See also Newcomer v. IBM,* 598 F.2d 968 (5th Cir.1979); *Quina v. Owens-Corning Fiberglas Corp.,* 575 F.2d 1115 (5th Cir.1978); *Thomas v. E.I. DuPont de Nemours & Co.,* 574 F.2d 1324 (5th Cir.1978); *Charlier v. S.C. Johnson & Son, Inc.,* 556 F.2d 761 (5th Cir.1977); *Edwards v. Kaiser Aluminum & Chem. Sales, Inc.,* 515 F.2d 1195 (5th Cir.1975). This prerequisite is not, however, of a jurisdictional nature. The 180-day period is "more in the nature of a statute of limitations—which is subject to equitable tolling." *Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584, 589 (5th Cir.1981) (en banc). The *Coke* decision does not, however, mandate equitable tolling of this limitation period in all instances. In *Coke* the court found that equitable tolling would be warranted where, for example, the defendant through misleading conduct induces a plaintiff to delay filing suit until the statute of limitations period has run. *See also Woodard v. Western Union Telegraph Co.,* 650 F.2d 592, 595 (5th Cir.1981); *Phillips v. Southern Bell Tel. & Tel. Co.,* 650 F.2d 655, 658 (5th Cir.1981). There has been no such conduct on the part of defendant Alabama By-Products Corporation in this instance.

■ Despite the authority that the doctrine of equitable tolling is available to modify the 180-day requirement, the "'statute of limitations' provided by the ADEA cannot be disregarded unless the plaintiff can adduce sound reasons for doing so." *Pieckelun v. Kimberly-Clark Corp.,* 493 F.Supp. 93, 97 (E.D.Pa.1980). "Whether to grant equitable relief from the statutory provisions is a matter that should be determined 'on a case-by-case basis, depending on the equities in each case.'" *Naton v. Bank of California,* 649 F.2d 691, 696 (9th Cir.1981).

Plaintiff McClinton asserts that defendants' failure to post information as required by the ADEA § 8 [1] warrants equita-

---

**1.** *See* 29 U.S.C. § 627 which provides in part that "[e]very employer . . . shall post and keep

posted in conspicuous places upon its premises a notice . . . setting forth information as the

ble tolling of the 180-day statutory period in this instance. In his brief, plaintiff has urged this court to adopt the Seventh Circuit's holding in *Kephart v. Institute of Gas Technology*, 581 F.2d 1287 (7th Cir. 1978). The *Kephart* decision holds that "the 180 day notice limitation of § 626(d) is tolled by the employer's failure to post conspicuously notice of ADEA rights, and that in such circumstances, the 180 day period will begin to run when the employee either retains an attorney or acquires actual knowledge of his rights under the ADEA." *Kephart* at 1289.

The plaintiff also cites this court to *Kazanzas v. Walt Disney World*, 704 F.2d 1527 (11th Cir.1983), as controlling in this case. The subject of this decision was the two-year statute of limitations on the filing of a suit rather than the 180-day filing period. In *Kazanzas*, the plaintiff was discharged in February 1977. He did not consult an attorney until June 1979, at which time an EEOC charge and the lawsuit were filed. The district court held that, because of the defendant's failure to post notice in conformity with § 627, Title 29 U.S.C., the case was not time barred. The Court of Appeals reversed, holding that to bring an ADEA action a plaintiff must observe two time requirements. First, he must meet the 180-day charge filing period, § 626(d), 29 U.S.C. Second, the plaintiff must comply with the two-year statute of limitations period set forth under 29 U.S.C. § 626(e). The Eleventh Circuit Court held that even if the 180-day provision is tolled, the statute of limitations still barred Kazanzas' suit because he filed his action more than two years after his termination. Although the circuit court did not disturb the district court's finding of equitable modification of the 180-day charge filing period, they did consider its limitations. The court noted that:

> [m]odifying either period because Kazanzas did not have knowledge of the ADEA's time requirements contravenes the normal rule that "[i]gnorance of ... legal rights or failure to seek legal ad-

Secretary deems appropriate to effectuate the

vice, [does] not toll the statute." *Quina v. Owens-Corning Fiberglas Corp.*, 575 F.2d 1115, 1118 (5th Cir.1978) (quoting *Howard v. Sun Oil Company*, 404 F.2d 596, 601 (5th Cir.1968)). Moreover, the Fifth Circuit's statement eight years ago that "[i]t is too late in the day to urge the statute's 'newness,'" *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195, 1200 (5th Cir.1975), is even more true today.

*Kazanzas, supra*, at 1530.

While this court takes note of the *Kephart* decision and the district court's rationale in *Kazanzas*, it is unable to find that these decisions imply a mandatory tolling each and every time an employer fails to post notice under ADEA § 8. Such a steadfast literal interpretation would frustrate the congressional intention behind the 180-day provision. "The present case is a classic example of one problem created for trial judges and litigants once the process of judicial modification of statutory limitations on statutory rights is set in motion—certainty is all but lost." *Kazansas v. Walt Disney World Co.*, 518 F.Supp. 292, 294 (M.D.Fla.1981). Such need for judicial certainty and the requirement that a plaintiff file a timely charge pursuant to 29 U.S.C. § 626(d) are "required in order to give the Secretary an opportunity to comply with his statutory duty of seeking to eliminate any discriminatory practices by 'informal methods of conciliation, conference, and persuasion.'" *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195, 1198 (5th Cir.1975). The *Edwards* court also remarked on additional benefits secured by the 180-day period.

> "It is logical that the 180 day notice was intended to insure that potential defendants would become aware of their status and the possibility of litigation reasonably soon after the alleged discrimination .... In turn this would promote the good faith negotiation of employers ... and provide ... for preservation of evidence and records for use at a trial necessitated by failure of negotiation."

purposes of this chapter."

... [Furthermore] [i]t enhances employee/employer relations by encouraging voluntary rectification and precludes premature resort to the courts, conserving judicial resources.

*Edwards, supra,* at 1198.

Such a need for prompt, efficient settlement of age discrimination claims and the defendant's burden of litigating an untimely suit must be balanced against the intended purpose of the posting of notice requirement set forth in 29 U.S.C. § 627, so as to reach "the best attainable accommodation of competing values ... [and to] permit '[i]nsubstantial lawsuits [to] be quickly terminated.'" *Harlow v. Fitzgerald,* 457 U.S. 800, 814, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396, 408 (1982).

■ The posting requirement of 29 U.S.C. § 627 was intended to alert older employees of their newly created rights. This information would enable an employee to protect these rights by pursuing his claim independently or by procuring an attorney to press his rights. *Edwards, supra,* at 1197. Posted notice "must provide employees with a meaningful opportunity of becoming aware of their ADEA rights so that one may reasonably conclude that the employees either knew or they should have known of their statutory rights." *Charlier v. Johnson,* 556 F.2d 761, 764 (5th Cir.1977), *reh'g denied* 559 F.2d 1217 (5th Cir.1977).

■ The *Edwards* court used such a balancing analysis when considering the purposes of the two sections of the ADEA. The court determined that:

The central importance to the statutory scheme of invoking the investigative and conciliatory powers of the Secretary impels us to hold that an employer's failure to comply with Sec. 627 does not extinguish completely an employee's duty to file timely notice of his intent to sue. To hold otherwise would unnecessarily frustrate Congressional will.

*Edwards* at 1198. Although the court in *Edwards* did not reach the issue of whether noncompliance justifies tolling of the 180 days until the employee seeks an attorney or acquires actual knowledge of his ADEA rights, the Fifth Circuit has made it clear that an employee who is aware of his right not to be discriminated against on the basis of age, and who does not notify the Department of Labor of his intent to sue within the prescribed period of time, is barred from asserting a cause of action under the ADEA. *See Templeton v. Western Union Telegraph Co.,* 607 F.2d 89 (5th Cir.1979). In *Templeton,* the plaintiff was forced to retire from the Western Union Telegraph Company in December 1975. Believing that he had been discriminated against on the basis of his age, the plaintiff instituted an action two years after his discharge. Templeton asserted that the 180-day limitations period should be equitably tolled because of Western Union's failure to post information concerning employees' ADEA rights, thus allegedly causing him to be unaware of the necessity of filing his claim in a timely manner. Templeton, however, admitted that he had seen a 1968 poster notifying employees of the existence of the ADEA. He also acknowledged being aware of his right not to be discriminated against on the basis of age, and admitted believing that he had been a victim of age discrimination when he was forced to retire. The Fifth Circuit held that:

While an employer's failure to notify its employees of their ADEA rights as required by 29 U.S.C. § 627 ... might justify the equitable tolling of the limitations period of Section 626(d) until the employee acquires actual knowledge or the means of knowledge of his ADEA rights, an employee who is aware of his ADEA rights yet does not notify the Department of Labor of his intent to sue within the prescribed period of time is barred from asserting a cause of action under ADEA .... Templeton slept on his rights for almost two years, and the district court properly dismissed his suit for failure to comply with the 180-day notice provision of 29 U.S.C. § 626(d)(1).

*Templeton, supra,* at 91–92.

In his affidavit, McClinton admitted that he was aware of his right not to be discri-

minated against on the basis of age. He believed that he had been unjustly terminated due to his age and health. He stated that his friends and relatives had told him that he had a labor relations or discrimination suit. The plaintiff's knowledge of his rights is also evidenced by the fact that he attempted to file a discrimination claim within thirty days of his termination.

Mr. McClinton defends his failure to file a timely charge by asserting that he made good faith and reasonable efforts to file his claim with the appropriate federal agencies, but was told by them that they could not help him. This is, however, not an arguable ground for plaintiff's failure to file a timely charge. Why did the plaintiff, in the exercise of ordinary prudence, not continue to take further action to pursue his claim or to retain an attorney? Instead, Mr. McClinton waited one full year after he became aware that his rights had been violated to retain the assistance of counsel. Mr. McClinton, like Templeton, "slept on his rights" and therefore cannot expect to benefit from his own lack of diligence and failure to comply with the statutory filing period.

Mr. McClinton was aware of his rights, or reasonably should have known of his rights under the ADEA, despite the failure of Alabama By-Products to post information. There was no misrepresentation on the part of defendant corporation, and the further failure to comply with the timely filing requirement is entirely that of the plaintiff.

Thus the court concludes that the 180-day notice requirement of ADEA Section 7(d) is not tolled by the employer's failure to conspicuously post notice of ADEA rights. Summary judgment is therefore due the defendants, there being no genuine issue as to any material fact and the defendants being entitled to judgment as a matter of law. A separate order will be entered.