575 F.2d 1115
 17 Fair Empl.Prac.Cas. 1108, 17 Empl. Prac.
Dec. P 8405
George P. QUINA (Anne R. Quina, as personal representative
of the Estate of George P. Quina, substituted in
place and stead of George P. Quina,
Deceased), Plaintiff-Appellant,
v.
OWENS-CORNING FIBERGLAS CORPORATION, Defendant-Appellee.
 No. 77-1357
 
 Summary Calendar*.
 United States Court of Appeals,
Fifth Circuit.
 June 30, 1978.
 Brock B. Gordon, Wade B. Perry, Jr., Mobile, Ala., for plaintiff-appellant.
 Edward Katze, Atlanta, Ga., Chris Mitchell, Birmingham, Ala., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of Alabama.
 Before BROWN, Chief Judge, and COLEMAN and VANCE, Circuit Judges.
 JOHN R. BROWN, Chief Judge:
 
 
 1
 On August 18, 1976, George Quina, then age 45, filed suit against Owens-Corning Fiberglas Corp. (OCFC) pursuant to the Age Discrimination in Employment Act, 29 U.S.C.A. § 621 et seq. (ADEA). The complaint alleged that Quina had been unlawfully discharged on June 30, 1975 because of age and that he had given the Secretary of Labor notice of his intent to sue on June 16, 1976, within 180 days after Quina "first became aware of his rights" under the ADEA.
 
 
 2
 OCFC's subsequent motion to dismiss[1] for failure to give notice of intent to sue within 180 days of the discharge as required by 29 U.S.C.A. § 626(d)(1) was granted by the District Court. Quina then moved for reconsideration on the basis that the notice provision was subject to equitable tolling. The Court granted him seven days to amend the complaint, apparently for the purpose of alleging any reasons which would warrant tolling the 180-day notice period.
 
 Quina amended the complaint to allege:
 
 3
 The emotional and mental shock to Plaintiff resulting from the unlawful actions of Defendant so affected Plaintiff physically and mentally that he was not cognizant of his rights under the said Act at the time of said unlawful actions and Notice to the Secretary of Labor was given on June 16, 1976, within 180 days after Plaintiff first became aware of his said rights.
 
 
 4
 Thereafter, OCFC moved to dismiss the amended complaint on the basis that the 180-day notice requirement was a jurisdictional prerequisite which was not subject to tolling, but even if it was, the amended complaint made no showing to support that result. By order dated January 21, 1977, OCFC's second motion was granted, the District Court stating:
 
 
 5
 (T)he law is far from settled on the issue of the effect of the 180 day notice requirement and ought to be conclusively resolved before either party is put to inordinate expense; therefore, to accomplish this it is the decision of this Court that the 180 day notice rule is jurisdictional . . . and it cannot be tolled for equitable reason.
 
 
 6
 A timely appeal was filed. Quina died on December 20, 1977, and his widow as Executrix has been substituted as the appellant.
 
 
 7
 The sole issue raised by appellant is whether § 626(d)(1)'s notice provision is subject to equitable tolling. OCFC counters that even assuming arguendo that tolling is proper, there is no equitable basis for doing so under the circumstances of this case. We agree with OCFC and affirm.
 
 
 8
 Section 626(d)(1), 29 U.S.C.A., provides that "(n)o civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed . . . within one hundred and eighty days after the alleged unlawful practice occurred . . . " (emphasis added). Quina's complaint alleged that he notified the Secretary within 180 days of acquiring actual knowledge of his ADEA rights. He clearly did not give notice within 180 days of his discharge, the unlawful practice challenged. Thus, the complaint is time-barred on its face.
 
 
 9
 Two Circuits have sanctioned equitable tolling of the 180-day notice requirement, Dartt v. Shell Oil Co., 10 Cir., 1976, 539 F.2d 1256, aff'd per curiam by an equally divided Court, 1977, --- U.S. ----, 98 S.Ct. 600, 54 L.Ed.2d 270; Bonham v. Dresser Industries, 3 Cir., 1978, 569 F.2d 187. The Fifth Circuit, however, has consistently pretermitted the issue or has not found the equities strong enough to warrant tolling even assuming it can be done. Powell v. Southwestern Bell Tel. Co., 5 Cir., 1974, 494 F.2d 485 (no continuing violation which would toll requirement); Woodburn v. LTV Aerospace Corp., 5 Cir., 1976, 531 F.2d 750 (same); Edwards v. Kaiser Aluminum & Chem. Sales, Inc., 5 Cir., 1975, 515 F.2d 1195, 1200 n.8; Adams v. Federal Signal Corp., 5 Cir., 1977, 559 F.2d 433. In two instances we have remanded to the District Court for a determination of the tolling question. In one, the District Court was instructed to decide the issue, depending upon when the plaintiffs (both salesmen who only infrequently visited the regional office where ADEA notices were posted) acquired actual knowledge or the means of actual knowledge of their ADEA rights. Charlier v. S. C. Johnson & Son, Inc., 5 Cir., 1977, 556 F.2d 761. In a more recent case, Thomas v. E.I. DuPont de Nemours & Co., 5 Cir., 1978, 574 F.2d 1324, we instructed the trial court to decide the tolling issue on remand only if it became critical. Thomas had alleged in his complaint and had stated in affidavits (below and on appeal) that the Wage and Hour Division had advised that his demotion was a continuing ADEA violation and that notice did not have to be given the Secretary until 180 days after discharge. However, Thomas had tried to amend his complaint to allege a distinct ADEA violation which occurred well within the 180 days before he gave notice to the Secretary. We reversed the District Court's erroneous failure to allow amendment, pretermitting once again the tolling question.
 
 
 10
 The District Court here properly ruled that this Circuit has characterized the 180-day notice provision as jurisdictional. Edwards, supra.[2] But, unlike the situation in Thomas, the District Judge gave Quina an opportunity to allege facts which would warrant tolling the 180-day period. The amended complaint, generously construed, Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, amounts to no more than pleading ignorance of the law. "(I) gnorance of . . . legal rights, or failure to seek legal advice, (does) not toll the statute of limitations." Howard v. Sun Oil Co., 5 Cir., 1968, 404 F.2d 596, 601. To hold that lack of "cognizance" of ADEA rights tolled the 180-day notice provision would effectively repeal § 626(d)(1), a result which we cannot sanction.
 
 
 11
 The amended complaint did not allege that OCFC failed to post notice as required by 29 U.S.C.A. § 627, 29 C.F.R. 850.10, Charlier, supra, and Quina had been in a position to know, or to find out, whether proper notice had been posted.[3] There was no allegation that Quina was given erroneous or deficient information from an attorney or the Department of Labor. See Edwards, supra; Thomas, supra. There was no allegation that OCFC concealed the basis for the discharge or that he belatedly learned that age had been instrumental in it. See Thomas, supra. This information must have been known at the time of amending the complaint. Nor was there an allegation that OCFC acted in any way which would estop it from asserting a time-bar defense other than the original discharge. Ott v. Midland-Ross Corp., 6 Cir., 1975, 523 F.2d 1367. It is clearly too late in the day to contend that ADEA is a new statute of which employees are unaware. See Edwards, supra. Indeed, apart from the averment that emotional and mental shock so affected him that he was not "cognizant" of his ADEA rights, the amended complaint added nothing to the original complaint which should have changed the District Court's ruling on the first motion to dismiss. Quina was given the opportunity to amend, and he failed to do so in a manner which would warrant dispensing with what this Court has ruled is a jurisdictional prerequisite to filing an ADEA suit. Therefore, we are forced to believe that this is a case where the plaintiff slept on his rights. Edwards, supra.
 
 
 12
 Appellant asks us to follow the Charlier route and remand because "we have before us no facts whatever on which to make a finding as to when Plaintiff acquired actual knowledge or had the means of knowledge of his ADEA rights, or to make a judgment on the tolling issue." Reply brief at 3. That deficiency cannot be laid at the feet of the District Judge who complied with the letter and the spirit of Rule 15(a), F.R.Civ.P.[4] It squarely lies with the appellant who was the only one in a position to know the actual date still unstated anywhere in the record or briefs when he acquired knowledge, what steps, if any, he took to acquire knowledge, or any other reason for his delay in giving notice other than ignorance of the law.
 
 
 13
 The Federal Rules do not require a plaintiff to plead evidence. But in the face of complaint which shows failure to timely give the statutory notice the plaintiff to overcome the employer's motion to dismiss had somehow to bring to the Court's attention facts which show he met the prerequisites for an ADEA suit. E. g., Powell, supra. In the absence of an allegation that he met that prerequisite, if a party wishes to withstand a motion to dismiss his ADEA suit on the basis of equitable tolling principles, he must make some minimal effort (if he can) to apprise the District Court, either by way of complaint, affidavit, or otherwise, of facts which would justify such an exceptional step. An ADEA complaint, time-barred on its face, cannot serve as a fishing pole to discover down the road some reason which the plaintiff can use to justify his failure to meet the threshold 180-day notice requirement of § 626(d)(1).
 
 
 14
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 That motion was accompanied by an affidavit of an OCFC employee, stating that Quina was actually terminated on January 7, 1975, the date on which he last performed any work or services for the company, but was kept on the payroll until June 30, 1975. This is of no consequence to our disposition
 
 
 [2]
 But see Conference Report, H.R.Rep. No. 95-950, 95th Cong., 2d Sess. 12 (1978) U.S.Code Cong. & Admin.News 1978, pp. ----, ---- (accompanying the Age Discrimination in Employment Act Amendments of 1978, Pub.L. 95-256, 92 Stat. 189):
 The conferees agree that the "charge" requirement is not a jurisdictional prerequisite to maintaining an action under the ADEA and that therefore equitable modification for failing to file within the time period will be available to plaintiffs under this Act. See, e. g., Dartt v. Shell Oil Co., 539 F.2d 1256 (10th Cir. 1976), affirmed by an evenly divided court, --- U.S. ----, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977); Bonham v. Dresser Industries, Inc., 569 F.2d 187 (3d Cir. 1977); Charlier v. S. C. Johnson & Son, Inc., 556 F.2d 761 (5th Cir. 1977).
 
 
 [3]
 Quina filed a set of interrogatories to OCFC which accompanied the complaint. It is interesting that not one was directed to the question of whether, where and in what manner, ADEA notice was posted on the premises. Thus, the appellant's subtle suggestion contained in the main brief (at 9) that "adequacy of posted notice, if any, is a question not reached in the present appeal" seems to be a strawman
 
 
 [4]
 We also point out that the Executrix has not moved to supplement the record on appeal, Rule 10(e), F.R.A.P., to apprise us of facts which would support an equitable tolling result. See Thomas, supra, 574 F.2d at 1327 n.4