Lloyd TEMPLETON, Plaintiff-Appellant,

v.

WESTERN UNION TELEGRAPH COMPANY, Defendant-Appellee.

No. 78–3821

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 19, 1979.

Rehearing Denied Dec. 17, 1979.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

**90**

Virgil H. Barfield, Ted G. Schneider, Houston, Tex., for plaintiff-appellant.

Baker & Botts, Lawrence J. McNamara, Richard R. Brann, Houston, Tex., for defendant-appellee.

Before AINSWORTH, CHARLES CLARK and VANCE, Circuit Judges.

PER CURIAM:

In 1975, the Western Union Telegraph Company notified Lloyd Templeton, whom it had employed since 1928, that he could either accept early retirement or be transferred from Houston, Texas, to a job in a lesser capacity in New Orleans, Louisiana. Opting for early retirement, Templeton left the employ of Western Union at the age of sixty-two on December 15, 1975, and was replaced by a younger person. Believing that he had been discriminated against on the basis of age, Templeton contacted the Department of Labor in October, 1977, and instituted this action against Western Union on December 15, 1977, simultaneously filing his notice of intent to sue with the Department of Labor.

Templeton predicated his action on section 7 of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 626, and alleged that Western Union had discriminated against him on the basis of age. Western Union filed in the district court a motion to dismiss the action for lack of jurisdiction, arguing that Templeton had not satisfied the requirements of 26 U.S.C. § 626(d) to notify the Secretary of Labor of his intent to sue at least 60 days prior to filing suit and within 180 days of the alleged discriminatory event. The district court granted Western Union's motion and dismissed the complaint with prejudice. On this appeal Templeton contends that the court erred in dismissing his action. He asserts that the 180-day limitations period should be equitably tolled because Western Union's failure to meet its statutory duty to post information prepared by the Secretary of Labor to inform employees of their ADEA rights caused him to be unaware of the necessity of asserting his claim in that period. With regard to the 60-day period, he contends that he could not delay filing his suit for 60 days after filing his notice of intent to sue without being barred by the two-year statute of limitations on ADEA suits set forth in 29 U.S.C. §§ 255, 626(e). We affirm.

■ Section 7(d)(1) of the ADEA, 29 U.S.C. § 626(d)(1), limits the period in which

an aggrieved employee may initiate an action under the ADEA. It provides in pertinent part:

> No civil action may be commenced by an individual under this section until the individual has given the Secretary [of Labor] not less than sixty days' notice of an intent to file such action. Such notice shall be filed—
>
> > (1) Within one hundred and eighty days after the alleged unlawful practice occurred . . . .

The 180-day notice requirement constitutes a prerequisite to an action based upon the ADEA. *Newcomer v. IBM*, 598 F.2d 968 (5th Cir. 1979); *Quina v. Owens-Corning Fiberglas Corp.*, 575 F.2d 1115, 1118 (5th Cir. 1978); *Thomas v. E. I. DuPont de Nemours & Co.*, 574 F.2d 1324, 1329–30 (5th Cir. 1978); *Edwards v. Kaiser Aluminum & Chem. Sales, Inc.*, 515 F.2d 1195, 1199 (5th Cir. 1975).

In several prior cases this court pretermitted the question of whether the notice requirements of section 626(d) could be equitably modified, indicating only that such modification might be justified under some circumstances. *Quina v. Owens-Corning Fiberglas Corp.*, 575 F.2d 1115 (5th Cir. 1978); *Thomas v. E. I. DuPont de Nemours & Co.*, 574 F.2d 1324 (5th Cir. 1978); *Charlier v. S. C. Johnson & Son, Inc.*, 556 F.2d 761 (5th Cir. 1977); *Edwards v. Kaiser Aluminum & Chem. Sales, Inc.*, 515 F.2d 1195 (5th Cir. 1975). Recently, however, we held in *Chappell v. Emco Machine Works Co.* that an almost identical notice requirement applicable to Title VII claimants [1] could be equitably tolled. 601 F.2d 1295 (5th Cir. 1979).

Assuming without deciding that the notice requirements of section 626(d) are subject to equitable tolling, we hold that the facts presented by Templeton to the district court did not justify a tolling of the 180-day limitations period. Templeton admitted in his pleadings and his briefs that he had seen the 1968 poster prepared by the Secretary of Labor notifying employees of the existence of the ADEA, that he was aware of his right not to be discriminated against in employment on the basis of his age, and that he believed that he was a victim of age discrimination when he retired. The only argument which Templeton advances in support of the application of the principles of equitable tolling to his situation is that the alleged failure of Western Union to comply with 29 U.S.C. § 627 and 29 C.F.R. § 850.10 at the time of his retirement by exhibiting the poster promulgated by the Secretary of Labor in 1974, which indicated that the period of time in which a suit under the ADEA could be filed was limited and emphasized the necessity of contacting the Labor Department promptly, caused him to be unaware of the 180-day notification period and the need to act diligently to preserve his rights. While an employer's failure to notify its employees of their ADEA rights as required by 29 U.S.C. § 627 and 29 C.F.R. § 850.10 might justify the equitable tolling of the limitations period of section 626(d) until the employee acquires actual knowledge or the means of knowledge of his ADEA rights, an employee who is aware of his ADEA rights yet does not notify the Department of Labor of his intent to sue within the prescribed period of time is barred from asserting a cause of action under the ADEA. *See Charlier v.*

---

1. See 42 U.S.C. § 2000e–5(e), which provides:

   A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

*S. C. Johnson & Son, Inc.*, 556 F.2d 761, 765 (5th Cir. 1977); *Edwards v. Kaiser Aluminum & Chem. Sales, Inc.*, 515 F.2d 1195, 1200 n. 8 (5th Cir. 1975). *See also Kephart v. Institute of Gas Technology*, 581 F.2d 1287, 1289 (7th Cir. 1978); *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 192 (3rd Cir.), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978). Templeton slept on his rights for almost two years, and the district court properly dismissed his suit for failure to comply with the 180-day notice provision of 29 U.S.C. § 626(d)(1). Our disposition of this issue obviates any need to decide whether Templeton's action was properly dismissed for his failure to file his notice of intent to sue with the Secretary of Labor at least 60 days prior to filing suit.

AFFIRMED.