**Stanford H. DOWNEY,
Plaintiff-Appellant,**

v.

**SOUTHERN NATURAL GAS COMPANY, Defendant-Appellee.**

No. 80–7370.

United States Court of Appeals,
Fifth Circuit.
Unit B

June 30, 1981.

Rehearing and Rehearing En Banc
Denied Aug. 2, 1981.

[redacted]

Susan Williams Reeves, Birmingham, Ala., Ellen Kohn, Washington, D. C., for plaintiff-appellant.

Constangy, Brooks, Smith, Chris Mitchell, Birmingham, Ala., Charles A. Edwards, Atlanta, Ga., for defendant-appellee.

[redacted]

Before FAY and VANCE, Circuit Judges, and ALLGOOD,* District Judge.

VANCE, Circuit Judge:

Plaintiff Stanford H. Downey appeals from the summary judgment granted against him in his suit brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–34. Because we find that the district court erred in granting summary judgment on one of the plaintiff's claims, we affirm in part and reverse in part.

Our review of a district court's action on a motion for summary judgment requires us to draw inferences most favorable to the party opposing the motion. *See Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 595 (5th Cir. 1981) (en banc); *United States Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975). Accordingly, we review the facts below in the light most favorable to the nonmoving party, Downey.

Downey was hired by Southern Natural Gas Company in 1949, first as Safety Director, and then as Director of Safety and Counselling. His duties included all phases of running an accident prevention program, including field inspections, safety meetings, and training others. Downey claims that in 1974 at the age of fifty-eight he was demoted to Manager of Security because of his age. In addition to reduced responsibilities, the demotion also carried with it an effective freeze on Downey's salary. During the period from 1974 until his retirement in 1978, Downey received only one pay raise of eighty-five dollars in 1976.

In early 1977 Downey requested that he be transferred to the position of Director of Safety and Training at a new natural gas facility in Savannah, Georgia. The company's personnel director recommended him for the position on the basis of his experience and technical knowledge. Downey was notified on February 14, 1977 that his transfer request had been denied. A thirty-three year old employee with three years experience was selected for the position. According to Downey, the personnel director told him that he was not selected because he would only be there a couple of years before the replacement would have to be trained due to Downey's advanced age. Downey was also told by a plant superintendent and an officer of the company that he was denied the transfer because of his age.

Downey discussed his job situation with the company's personnel director in the spring of 1978. He expressed his disappointment in not being allowed to transfer to Savannah. Downey testified in his deposition that the personnel director told him that the company did not have anything else for him to do. He told Downey that he was in danger of being discharged because the company did not want to keep him around until the mandatory retirement age of seventy. Additionally, he was told that he would lose his stock benefits if the company decided to discharge him. Rather than risk the loss of retirement benefits, he requested early retirement which was granted effective August 1, 1978.

* District Judge of the Northern District of Alabama, sitting by designation.

Downey filed a charge of discrimination with the Secretary of Labor on September 7, 1978, alleging age discrimination. He was sixty-two years old at the time of his retirement. On September 28, 1979 he commenced this action in the district court alleging that the defendant had discriminated against him on the basis of his age by demoting him, denying a transfer and by constructively discharging him.

The district court ruled that Downey's claims based upon his demotion in 1974 and the denial of his transfer request in 1977 were time barred because he had not complied with the requirement of ADEA, 29 U.S.C. § 626(d) that an individual must file a claim with the Secretary of Labor 180 days after the alleged unlawful practice occurred. Downey had not filed his complaint with the Secretary of Labor until September 7, 1978. The lower court rejected Downey's argument that these claims were not barred because of the "continuing effects" of the discriminatory actions in 1974 and 1977 that affected his early retirement and resulted in lower pension benefits. Additionally, the court granted defendant's motion for summary judgment, finding that Downey had not met his burden of proof in showing constructive discharge or compelled early retirement. The court explained that in order to maintain such an action the "plaintiff must show that defendant created working conditions that were so intolerable as to leave plaintiff no effective choice except to resign."

■ Downey advances two arguments against the district court's ruling that the demotion and transfer claims were barred. First, he argues that the proper statute of limitations for an age discrimination claim is found in 29 U.S.C. § 626(e)(1), which incorporates the two year limitations period of 29 U.S.C. § 255. This contention was specifically rejected by this court in *Powell v. Southwestern Bell Telephone Co.*, 494 F.2d 485, 487 (5th Cir. 1974).[1] The court explained that the required 180-day notice was a "prerequisite" to filing suit, and that after the notice was given the plaintiff would have two or three years to file suit depending on the type of violation. *See also Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 595 (5th Cir. 1981) (en banc) (180-day provision is a "precondition").

■ Downey's second contention is that the earlier discriminatory acts amount to "continuing discrimination," thus extending the time by which a complaint must be filed. At best, however, Downey has only shown that the past discriminatory acts have had a continuing effect on him. He has not shown a present violation from the demotion in 1974 and the failure of the company to transfer him in 1977. The claims relating to these actions are barred because Downey did not file a valid charge of discrimination within 180 days of the demotion or transfer. As explained by this circuit in *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 249 (5th Cir. 1980), "[w]here an employee charges an employer with continuously maintaining an illegal employment practice, he may file a valid charge of discrimination based upon that illegal practice until 180 days after the last occurrence of an instance of that practice."[2] We recognized the vitality of the continued violation theory in *Gonzalez*,[3] explaining that " 'the emphasis should not be placed on mere continuity; the critical question is whether any present violation exists.' " 610 F.2d at 249 (quoting *United*

---

1. *Powell* was decided before the 1978 amendments to ADEA. *See* Age Discrimination in Employment Act Amendments of 1978, Pub.L. No. 95–256, 92 Stat. 189. The changes in the law effected by this Act do not affect any of the issues in this case.

2. *Gonzalez* was brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The use of Title VII cases to analyze ADEA has been approved by this circuit *en*

banc. *See Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 587 (1981).

3. We reversed the dismissal of Gonzalez's complaint for lack of jurisdiction. We found that Gonzalez had sufficiently alleged a continuing violation in Firestone's pattern of discriminatory conduct which was not barred despite the fact that his Title VII claim was filed more than 180 days after the company did not transfer him.

*Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977)). *Accord, Delaware State College v. Ricks,* —— U.S. ——, ——, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1981). Subsequently, in *Fisher v. Proctor & Gamble Manufacturing Co.,* 613 F.2d 527, 540 (5th Cir. 1980), *cert. denied,* —— U.S. ——, 101 S.Ct. 929, 66 L.Ed.2d 845 (1981), we opined that "the *mere* perpetuation of the effects of . . . time barred discrimination does not constitute a present violation." Because Downey has not shown that the alleged discrimination is in fact ongoing,[4] we affirm the trial court on this point.

 Although Downey's claims relating to the 1974 demotion and failure to transfer are time barred, these actions should be allowed as evidence on the question of whether Downey was constructively discharged. We observe that "[w]hile some or most of this evidence may concern time-barred conduct, it is relevant, . . . and may be used . . . to illuminate current practices which, viewed in isolation, may not indicate discriminatory motives." *Crawford v. Western Electric Co.,* 614 F.2d 1300, 1314 (5th Cir. 1980). *See Fisher,* 613 F.2d at 540.

 The district court acknowledged that the claim of constructive discharge was not time barred. However, it held that Downey had not met his burden of proof, and so granted summary judgment to Southern Natural Gas. Here we believe the district court erred. We have recently reviewed the law on constructive discharge in *Bourque v. Powell Electric Manufacturing Co.,* 617 F.2d 61, 65 (5th Cir. 1980). Essentially, the test is whether a reasonable person in the employee's position would have felt compelled to resign. Downey asserts that his superior specifically advised him that he might be discharged, with a consequent loss of benefits. We regard that testimony as sufficient to create a con-

tested issue of material fact regarding constructive discharge. A reasonable person might well feel compelled to resign in the face of such a statement. We therefore reverse the grant of summary judgment on this issue and remand.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

---

4. *See Goldman v. Sears, Roebuck & Co.,* 607 F.2d 1014, 1018 (1st Cir. 1979) (concluding that "[t]o state such a continuing violation . . . a complaint must indicate that not only the injury, but the discrimination is in fact ongoing.") *But see* Comment, *The Continuing Violation Theory of Title VII After United Air Lines, Inc. v. Evans,* 31 Hastings L.J. 929 at 933 (1980) (advancing the application of "continuing course of conduct" subtheory to the continuing violation theory when a plaintiff alleges two or more related discriminatory acts with at least one not barred by failure to file requirements).