**Leon G. KAZANZAS, Jr., Plaintiff,**

v.

**WALT DISNEY WORLD CO.,**
**etc., Defendant.**

**No. 79–379–Orl–Civ–R.**

United States District Court,
M. D. Florida,
Orlando Division.

July 14, 1981.

W. Marvin Hardy, III, Gurney, Gurney & Handley, Orlando, Fla., for plaintiff.

John L. O'Donnell, Jr., of DeWolf, Ward & Morris, Orlando, Fla., for defendant.

## MEMORANDUM OF DECISION

JOHN A. REED, Jr., District Judge.

Following a jury verdict which found that the plaintiff was discharged by the defendant in violation of the plaintiff's rights under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., the defendant on 5 May 1981 filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The plaintiff on 4 May 1981 filed a motion to enter judgment on the jury verdict. The plaintiff later amended the motion by a supplement filed on 20 May 1981 which in effect asks the court to disregard the jury's finding that the plaintiff's discharge was not wilful and to enter a judgment against the defendant for liquidated damages.

The defendant's motion raises three issues: (1) whether or not the plaintiff's claim is barred by the application of Section 626(d)(1), Title 29, U.S. Code; (2) whether or not the plaintiff's claim is barred by the statute of limitations, and (3) whether or not there is sufficient evidence to support the verdict.

With regard to the first issue, the defendant contends that the plaintiff's claim is barred because the plaintiff failed to file a charge with the Secretary of Labor within 180 days of his discharge * as required by Section 626, Title 29, U.S. Code. The plaintiff contends that he is entitled to an equitable modification of the 180 day provision because of the defendant's failure to post a notice in conformity with Section 627, Title 29, U.S. Code. Pertinent to these contentions are the following facts. The plaintiff was discharged by the defendant on 26 February 1977. At the time of his discharge, the plaintiff knew that he could not be discriminated against because of his age. The plaintiff testified that he imagined the source of this knowledge was a poster in evidence as defendant's Exhibit 4 which had been placed on defendant's premises. As a management level employee, the plaintiff had read the collective bargaining contract which covered workers in the plaintiff's employment unit. Article 13 of the agreement in effect on 1 October 1976 provides:

> "The Company and the Union agree there shall be no discrimination against any employee or prospective employee due to race, color, creed, sex, age or national origin as provided in Federal and State legislation."

On the day of plaintiff's discharge, Gary Lawton, a personnel manager of defendant, told the plaintiff that Lonnie Linley, had made the decision to lay off the plaintiff and to retain Bill Cunningham, another of defendant's employees. At the same time, Lawton told the plaintiff that Bill Cunningham was seven years younger than the plaintiff, but that the plaintiff would be the first person to be recalled when an opening developed. Thus, when the plaintiff was discharged he was generally aware of a right not to be discriminated against on the basis of age and of facts which would reasonably lead the plaintiff to conclude that his discharge was based on age. Despite this knowledge, the plaintiff did not consult with an attorney until June, 1979. It was at that time he first acquired knowledge of the 180 day filing requirement. On 5 July 1979, the plaintiff's attorney mailed a notice of the plaintiff's charge to the Equal Employment Opportunity Commission office in Miami, Florida (see plaintiff's Exhibit B), and instituted the present action on 27 July 1979.

The evidence at trial revealed that the only notice relevant to age discrimination defendant posted at the plaintiff's former place of employment is the poster in evi-

---

* Florida's age discrimination act became effective 1 July 1978. It was not in effect at any time during the 180 day filing period established by 29 U.S.C. § 626(d)(1). For that reason 29 U.S.C. § 633(b) had no effect on the notice filing period. See § 23.167, Fla.Stat. Anno.

dence as plaintiff's Exhibit 4. The poster does not comply with the provisions of Section 627 of Title 29, U.S.Code. It was not in the form approved by the Secretary of Labor. At a post-trial hearing before the court on 2 July 1981, a copy of the notice which had been approved by the Secretary of Labor for use in 1977 was introduced in evidence as plaintiff's Exhibit 1. That notice clearly advises of the need for compliance with the 180 day filing provision. The notice actually posted by the defendant imparts no such information and at best reveals a company policy against age and other impermissible discrimination. No evidence was presented which would suggest that the defendant was disadvantaged by the plaintiff's delay in filing his charge of discrimination. On the contrary, the evidence shows that the plaintiff remained in close contact with his former employer until August 1977, when it was determined that the plaintiff's physical condition precluded his reemployment in his former position.

This case is unlike *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584 (5th Cir. 1981) in that here there was no misrepresentation by the defendant of its intent to rehire or otherwise accommodate the plaintiff's claim. The plaintiff in the present case is extremely close in situation to the plaintiff in *Templeton v. Western U. Telegraph Co.*, 607 F.2d 89 (5th Cir. 1979). There is, however, this significant difference: Mr. Templeton had the benefit of the 1968 poster promulgated by the Department of Labor and presumably gleaned from it knowledge that the Secretary of Labor was a potential source of assistance in understanding and enforcing his right to be immune from age discrimination. Mr. Kazanzas, on the other hand, did not have that degree of actual knowledge until he consulted an attorney in June, 1979.

The present case is a classic example of one problem created for trial judges and litigants once the process of judicial modification of statutory limitations on statutory rights is set in motion—certainty in the law is all but lost. Nevertheless, this court concludes that because of the plaintiff's lack of actual knowledge and a ready means of

obtaining same until June 1979, the absence of prejudice from plaintiff's delay, and the defendant's failure to post a notice conforming to the requirements of 29 U.S.C. § 627, the filing period should be tolled until the plaintiff first consulted an attorney in June, 1979. *Quina v. Owens-Corning Fiberglas Corp.*, 575 F.2d 1115 (5th Cir. 1978), suggests in dictum that such is a proper result for the present case. See also *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 193 (3rd Cir. 1977), which held that the failure to post the statutory notice tolls the running of the 180 day period until the aggrieved person seeks out an attorney or acquires actual knowledge of his rights under the ADEA.

Presumably actual knowledge of one's rights under the ADEA includes knowledge of the limitation imposed thereon by Section 626(d). In support of its holding the court in Bonner suggested that:

"Any other result would place a duty upon the employer to comply without penalty for breach, and would grant to the employee a right to be informed without redress for violation."

See also *Kephart v. Institute of Gas Technology*, 581 F.2d 1287 (7th Cir. 1978).

The plaintiff instituted this action within sixty days after his notice of claim was filed. The plaintiff thus violated the provision of 29 U.S.C. § 626(d) for a 60 day waiting period after the claim is filed. This default caused no harm to the defendant as evidenced by the fact that no effort was made to stay this suit until the running of the 60 day period. To allow such a minor default to totally bar recovery where the action is long delayed partially because of the defendant's failure to post an adequate notice would be inconsistent with the application to the case of an equitable modification. The defendant's contention respecting the statute of limitations is likewise without merit. The statute of limitations runs from the filing of the 180 day charge. See *Downey v. Southern Natural Gas Co.*, 649 F.2d 302 (5th Cir. 1981). Finally, the defendant contends the evidence of discrim-

ination is insufficient. The short answer to this contention is that the plaintiff's testimony, if believed, is sufficient to justify the jury's finding with respect to discrimination. Based upon the foregoing, the defendant's motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial will be denied.

The plaintiff has by his motion asked the court to disregard the jury's finding on the wilfulness issue and substitute its own finding of wilfulness in favor of the plaintiff. Aside from the fact that the court lacks such authority, the jury's finding was clearly justified by the evidence. The plaintiff seems to suggest that the jury charge submitted an improper standard of wilfulness to the jury. The charge given on the issue of wilfulness, however, was given without objection by the plaintiff and was substantially similar to the charge requested by the plaintiff. See plaintiff's Requested Jury Instruction No. 17.

If the plaintiff desires an award of costs, attorney's fees or equitable relief, he shall move for same within ten days from the date of this order. After that motion is disposed of, a judgment will be entered consistent with the foregoing.