Leon G. KAZANZAS, Jr., Plaintiff-Appellant, Cross-Appellee,

v.

WALT DISNEY WORLD CO., a Delaware Corporation doing business in Florida, Defendant-Appellee, Cross-Appellant.

No. 81–6238.

United States Court of Appeals, Eleventh Circuit.

May 19, 1983.

Gurney, Gurney & Handley, P.A., Ronald L. Harrop, W. Marvin Hardy, III, Orlando, Fla., for plaintiff-appellant, cross-appellee.

DeWolf, Ward & Morris, P.A., John L. O'Donnell, Jr., Orlando, Fla., for defendant-appellee, cross-appellant.

Before JOHNSON and ANDERSON, Circuit Judges, and COLEMAN *, Senior Circuit Judge.

JOHNSON, Circuit Judge:

Leon G. Kazanzas filed suit against his former employer, Walt Disney World Company ["Disney"], claiming that because of his age Disney had discharged him and later failed to rehire him, in violation of the Age Discrimination in Employment Act ["ADEA"], 29 U.S.C.A. § 621 et seq. At the close of the evidence the district court granted a directed verdict for Disney on the failure to rehire claim and reserved ruling on the timeliness of the action for the discharge claim. The jury returned a special verdict finding that age was a motivating factor in Kazanzas' discharge, but that Disney did not willfully discriminate. The district court later held that Kazanzas' suit was not time-barred and entered judgment accordingly. 518 F.Supp. 292 (M.D.Fla. 1981). Both parties appeal the judgment below, but, because the statute of limitations issue is dispositive of this appeal, we do not address any other issues.

To bring an action under the ADEA, a plaintiff must observe two time requirements. First, he must comply with 29 U.S.C.A. § 626(d) which requires that he file a charge alleging discrimination with the Secretary of Labor [1] within 180 days of the alleged unlawful practice and sixty days before he files suit.[2] The statute directs that after the Secretary receives this charge he shall seek to eliminate the unlawful practice through conciliation, conference, and persuasion. Second, a plaintiff must comply with 29 U.S.C.A. § 626(e) which incorporates the statute of limitations from the Portal-to-Portal Act, 29 U.S. C.A. § 255. The statute of limitations under 29 U.S.C.A. § 255 is two years, or three years for willful violations.

The district court extensively discussed whether the first requirement, the 180 day charge provision, is subject to equitable tolling on the facts of this case. Concluding that it is, the court disposed of the second requirement, the statute of limitations, by stating "[t]he statute of limitations runs from the filing of the 180 day charge." 518 F.Supp. at 294. The district court erred in this conclusion because the statute of limitations runs from the same date as the 180 day provision, the date on which the cause of action accrues. Therefore, even if the 180 day provision is tolled, the statute of limitations might still bar Kazanzas' suit because he filed his action more than two years [3] after his discharge.

In stating that the cause of action runs from the filing of the 180 day charge, the district court relied on Downey v. Southern Natural Gas Co., 649 F.2d 302, 304 (5th Cir.1981). Downey does not support the

---

* Honorable James P. Coleman, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

1. Although the statute states that a charge shall be filed with the Secretary of Labor, all functions related to age discrimination were transferred to the Equal Employment Opportunity Commission by section 2 of Reorg. Plan No. 1 of 1978, 43 F.R. 19807, reprinted in 5 U.S.C.A. app. at 161 (West Supp.1983), and in 92 Stat. 3781 (1978).

2. If the state in which plaintiff resides has a state law prohibiting age discrimination, the plaintiff must file the charge "within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier." § 626(d)(2).

3. We apply the two year statute of limitations because, as noted above, the jury specifically found that Disney's violation was not willful. Moreover, Kazanzas has not contested this finding on appeal, or argued that the three year period should apply.

district court's conclusion. In *Downey* the Fifth Circuit affirmed a ruling that certain of Downey's claims were time-barred because he did not comply with the 180 day notice provision. In rejecting Downey's argument that he did not have to file a notice within 180 days, the Fifth Circuit stated:

> This contention was specifically rejected by this court in *Powell v. Southwestern Bell Telephone Co.,* 494 F.2d 485, 487 (5th Cir.1974). The court explained that the required 180 day notice was a "prerequisite" to filing suit, and that after the notice was given the plaintiff would have two or three years to file suit depending on the type of violation.

*Id.* at 304 (footnote omitted). The *Downey* court by this observation was focusing on the 180 day provision and only mentioned the two or three year period in the context of stating that the plaintiff must comply with both time requirements. An examination of the section of *Powell v. Southwestern Bell Telephone Co.,* 494 F.2d 485, 487 (5th Cir.1974), referred to by *Downey* confirms this analysis. That section of *Powell* affirmed that the 180 day provision is not inconsistent with the existence of a separate statute of limitations. Moreover, the court in *Powell* emphasized that the two time limits are separate and distinct:

> The 180 day limit is not upon the filing of the suit, but upon notice to the Secretary that one intends to bring suit. Thus it is entirely possible to comply with the notice requirement, yet still be in violation of the limit on filing an action by exceeding the two or three year provisions of the Portal-to-Portal Act. The notice requirement in no way supplants the statutory period of limitation engrafted from the Portal-to-Portal Act. Rather it is simply a prerequisite to the right to file any suit whatsoever under the ADEA.

*Id.* at 487.

Even if the dictum in *Downey* is interpreted as support for the district court's statement, it directly conflicts with other cases holding that the statute of limitations begins to run when the cause of action accrues. In *Marshall v. Kimberly-Clark Corporation,* 625 F.2d 1300, 1301 (5th Cir. 1980), the court reversed a summary judgment that had dismissed plaintiff's claim as barred by the statute of limitations, stating that a genuine issue of material fact existed as to the date of discharge. In doing so, the court noted that the limitations period under 29 U.S.C.A. § 626(e) begins to run at the same time as the 180 day period. See *Jackson v. Alcan Sheet & Plate,* 462 F.Supp. 82, 86 (N.D.N.Y.1978); *Aguilar v. Clayton,* 452 F.Supp. 896, 899 (E.D.Okla.1978).

The district court's conclusion also contradicts the teaching of *Unexcelled Chemical Corporation v. United States,* 345 U.S. 59, 73 S.Ct. 580, 97 L.Ed. 821 (1953), which addressed the relationship between administrative relief and the Portal-to-Portal Act's statute of limitations. In *Unexcelled* the Court held that the statute of limitations runs from the date of the allegedly unlawful act, rejecting the argument that the statute only begins to run after the case has been administratively determined by the Secretary of Labor. The Court noted that, even though the administration of the Act is entrusted in large measure to the Secretary of Labor and a court must hold its hand until the administrative proceedings are completed, the statutory liability runs from the date when the cause of action is created. *Id.* at 66, 73 S.Ct. at 584.

■ Because the statute of limitations on Kazanzas' discharge claim commenced on the date of his discharge, February 26, 1977, and he did not file suit until July 27, 1979, after the two year period had expired, his claim is barred unless there are equitable considerations sufficient to toll the statute. Although in some circumstances the factors mandating tolling of the 180 day provision would also toll the statute of limitations, it is important to separately analyze the tolling of each period, as certain factors may only be applicable to one of the periods.

The district court summarized the relevant facts that should be evaluated in de-

ciding whether equitable modification is warranted:

> The plaintiff was discharged by the defendant on 26 February 1977. At the time of his discharge, the plaintiff knew that he could not be discriminated against because of his age. The plaintiff testified that he imagined the source of this knowledge was a poster in evidence as defendant's Exhibit 4 which had been placed on defendant's premises. As a management level employee, the plaintiff had read the collective bargaining contract which covered workers in the plaintiff's employment unit. Article 13 of the agreement in effect on 1 October 1976 provides: "The Company and the Union agree there shall be no discrimination against any employee or prospective employee due to race, color, creed, sex, age or national origin as provided in Federal and State legislation." On the day of plaintiff's discharge, Gary Lawton, a personnel manager of defendant, told the plaintiff that Lonnie Linley, had made the decision to lay off the plaintiff and to retain Bill Cunningham, another of defendant's employees. At the same time, Lawton told the plaintiff that Bill Cunningham was seven years younger than the plaintiff, but that the plaintiff would be the first person to be recalled when an opening developed. Thus, when the plaintiff was discharged he was generally aware of a right not to be discriminated against on the basis of age and of facts which would reasonably lead the plaintiff to conclude that his discharge was based on age. Despite this knowledge, the plaintiff did not consult with an attorney until June, 1979.

518 F.Supp. at 293. The district court analyzed these facts in the context of determining whether Kazanzas was entitled to equitable modification of the 180 day provision due to Disney's failure to post a notice informing its employees of their ADEA rights. Under 29 U.S.C.A. § 627, an employer is required to post a notice in the form approved by the Secretary of Labor.

A copy of the notice which had been approved for use in 1977 was introduced at a post-trial hearing. It clearly states that an employee who feels he has been discriminated against because of age must file a charge with the Department of Labor within 180 days. Because of Disney's failure to post this notice, the district court held that "the filing period should be tolled until the plaintiff first consulted an attorney in June, 1979." 518 F.Supp. at 294.

■ We conclude that the factors which led the district court to equitably modify the 180 day provision do not mandate the tolling of the statute of limitations. Modifying either period because Kazanzas did not have knowledge of the ADEA's time requirements contravenes the normal rule that "[i]gnorance of … legal rights or failure to seek legal advice, [does] not toll the statute." *Quina v. Owens-Corning Fiberglas Corp.*, 575 F.2d 1115, 1118 (5th Cir. 1978) (quoting *Howard v. Sun Oil Company*, 404 F.2d 596, 601 (5th Cir.1968)). Moreover, the Fifth Circuit's statement eight years ago that "[i]t is too late in the day to urge the statute's 'newness'," *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195, 1200 (5th Cir.1975), is even more true today. Nevertheless, the district court believed that barring Kazanzas' claim for failure to comply with the 180 day provision when Disney had not posted the required notice "would place a duty upon the employer to comply without penalty for breach and would grant to the employee a right to be informed without redress for violation." 518 F.Supp. at 294 (quoting *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 193 (3rd Cir.1977)). That rationale has little force for the two year period when the approved notice does not even mention the two year statute of limitations. Additionally, in the context of the two year period, Kazanzas' actual knowledge of his rights brings this case within the rule of *Templeton v. Western Union Telegraph*, 607 F.2d 89 (5th Cir.1979).

The district court acknowledged that the facts of this case are very close to those of

*Templeton.* In *Templeton* the employee had seen a 1968 poster informing him of his ADEA rights but had not seen the 1974 poster which contained the 180 day notice requirement. The Court held that Templeton was barred by his failure to comply with the 180 day provision because he had knowledge of his ADEA rights. The only difference between this case and *Templeton* is that Kazanzas had general knowledge of his right not to be discriminated against on the basis of age but may not have known of the existence of the ADEA. While this difference may be dispositive for a failure to comply with the 180 day provision, a relatively short time period, it is not important when assessing whether Kazanzas' claim is barred because he did nothing to pursue his claim for more than two years.

■■■■ Kazanzas also urges that Disney is estopped from raising the limitations period because Disney held out hopes of reemployment.[4] The basis for estopping a defendant from raising the limitations period is "the maxim that no man may take advantage of his own wrong." *Glus v. Brooklyn Eastern Terminal,* 359 U.S. 231, 232, 79 S.Ct. 760, 761, 3 L.Ed.2d 770 (1959). A review of ADEA cases discussing equitable estoppel demonstrates that Disney is not estopped from asserting the statute as a bar because in this case it committed no wrong.

In *Ott v. Midland-Ross Corp.,* 600 F.2d 24 (6th Cir.1979), Ott filed a notice of intent to sue with the Secretary of Labor shortly after his discharge. An employee of the Department of Labor attempted conciliation and, after contacting the defendant's attorneys, told Ott that, because the defendant had agreed to rehire him, it would be best to negotiate the details of reemployment directly with the company rather than through the Department of Labor. Subsequently, Ott agreed to do consulting work, upon representations from the company that it would be financially more advantageous than his former position. Ott did not work a single day under the consultation agreement. The court reversed a grant of summary judgment for the employer, holding that there was ample evidence for the jury to find that Ott was lulled into nonaction, thereby estopping his employer from raising the statutory bar:

> At the very least, the jury could find that the consultation agreement was the product of material misrepresentations of fact by Midland-Ross' general counsel. At worst, it could find that defendant's conduct constitutes fraud, it having entered into the consultation agreement without intending to honor it and for the purpose of frustrating Ott's intention to seek redress under the ADEA.

*Id.* at 29–30. However, the court also stated that, "[i]f the agreement is not found to be the product of misrepresentation or the result of a calculated scheme to deprive him of his right of action", Ott's claim would be time-barred. *Id.* at 34.

In *Potter v. Continental Trailways, Inc.,* 480 F.Supp. 207 (D.Col.1979), the district court denied motions for dismissal or summary judgment because Potter had alleged sufficient facts to estop Continental from asserting the 180 day bar. In *Potter* the employer's agents had "encouraged him to utilize the 'back door' method towards full-time employment should full-time work not be available." *Id.* at 211. Potter, in re-

---

4. Even if Disney's action constituted conduct sufficient to give rise to estoppel, Kazanzas' claim might not survive because his contacts with Disney ended approximately one and a half years before the expiration of the statute of limitations. "[I]f there is still ample time to institute the action within the statutory period after the circumstances inducing delay have ceased to operate, a plaintiff who failed to do so cannot claim an estoppel." 51 Am.Jur.2d § 437. *Troutman v. Southern Railway Compa-*

*ny,* 296 F.Supp. 963, 970 (N.D.Ga.1968), *aff'd,* 441 F.2d 586 (5th Cir.), *cert. denied,* 404 U.S. 871, 92 S.Ct. 81, 30 L.Ed.2d 115 (1971) (fraudulent representations, if any, had ceased more than one year prior to the termination of the limitations period). Contra *Ott v. Midland-Ross Corp.,* 600 F.2d 24, 33 (6th Cir.1979) (plaintiff should be allowed full statutory period, "undiminished by any period of deception," to bring his suit).

liance on this information, began driving part-time; it was not until the 180 days expired that he realized that he would never be eligible for full-time employment through the "back-door" because the general manager would warn his supervisor whenever he worked close to the 20 days per month necessary for full-time work. The court held that Continental would be estopped from raising the 180 day limitations period "where the alleged action of its own agent in suggesting the 'back door' method induced Potter to delay filing suit until after the 180 days passed from the alleged unlawful act." *Id.*

In *Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584, 595 (5th Cir.1981) (en banc), the Fifth Circuit reversed a grant of summary judgment to the defendant because there was a genuine issue of material fact with respect to whether the defendant "misrepresented . . . its intent to reinstate Coke." Coke had been repeatedly assured by the company through a third person that he would be reinstated to his former position. Relying on these assurances, Coke did not file the notice until more than 180 days after his demotion but within 180 days of the last assurance by his employer that he would be reinstated.

This case lacks the crucial elements of fraud or misrepresentation present in *Ott, Potter,* and *Coke.* Kazanzas was discharged on February 26, 1977. After his discharge he tried to obtain reemployment with Disney. He was offered a job in cash control but declined it because it would have meant a substantial cut in pay. In July, 1977, Kazanzas' former supervisor informed him that there was an opening in the paint shop, but advised him that it would be necessary for him to have a physical examination. Disney ultimately refused to rehire Kazanzas because the medical report showed that he had degenerative disc disease.[5] These good faith efforts by Disney cannot serve to estop it from asserting the statute of limitations. See *Ott, supra,* 600 F.2d at 33 n. 11 ("It was entirely proper for the employer to have sought in good faith to rehire Ott . . . if it, in fact, intended to honor the agreement and if, in fact, the agreement was not tainted by misrepresentation."). As the district court observed, "[t]his case is unlike *Coke* . . . in that here there was no misrepresentation by the defendant of its intent to rehire or otherwise to accommodate the plaintiff's claim." 518 F.Supp. at 294. Although a plaintiff seeking an estoppel does not have to prove bad faith, *Ott, supra,* 600 F.2d at 31, in order to estop Disney from claiming the protection of the statute, its "conduct or representations [must be] directed to the very point of obtaining the delay of which [it] seeks to take advantage." 51 Am.Jur.2d § 438 at 904. There was no allegation that Disney's actions were motivated by a desire to lull Kazanzas into inaction. In addition, Disney's conduct cannot be characterized as misleading. See *Sanchez v. Loffland Brothers Co.,* 626 F.2d 1228 (5th Cir.1980), *cert. denied,* 452 U.S. 962, 101 S.Ct. 3112, 69 L.Ed.2d 974 (1981).[6] Instead of being deceived about the possibility of reemployment, Kazanzas was actually offered one job which he refused and another which a physical disability prevented him from accepting. Disney never told Kazanzas that it would reinstate him in his old job, and did nothing to keep him from filing a law suit or seeking the advice of an attorney.

Because Kazanzas filed his suit more than two years after his discharge, and because he has not alleged any facts which estop

---

**5.** The subsequent failure to rehire does not toll the statute of limitations by converting the initial discharge into a continuing violation in the absence of any allegation that defendant was contractually obligated to rehire the plaintiff. E.g., *Brohl v. Singer Company,* 407 F.Supp. 936, 939 (M.D.Fla.1976). Furthermore, this failure to rehire formed the basis of Kazanzas' alternative claim, on which the district court directed a verdict for Disney.

**6.** "The estoppel principle has been successfully invoked where the defendant made active misrepresentations to the plaintiff regarding the plaintiff's legal rights, as well as in cases where the defendant promised to pay the claim or to settle if the plaintiff did not file suit. However, in order to create an estoppel, the conduct of the defendant must be so misleading as to cause the plaintiff's failure to file suit." 626 F.2d at 1231 (footnotes omitted).

Disney from raising the defense of the statute of limitations, his suit is barred. The judgment of the district court is REVERSED.