[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13533

Non-Argument Calendar

_____

MICHAEL DOBBS,

                                                        Plaintiff-Appellant,

versus

MARTIN MARIETTA MATERIALS, INC.,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-04170-MHC

_____

Before JILL PRYOR, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Michael Dobbs appeals from the district court's grant of summary judgment in favor of Martin Marietta Materials, Inc. ("Martin Marietta") on his claims of age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1) and (d). Dobbs's complaint alleged that Martin Marietta -- which, due to a settlement with the Department of Justice ("DOJ"), was required to sell its quarry in Forsyth, Georgia where Dobbs worked to a competitor, Midsouth Paving -- had wrongly refused to rehire him at another Martin Marietta plant and forced him to accept a demotion to work for Midsouth Paving at the Forsyth plant. On appeal, Dobbs argues that the district court erred in granting summary judgment to Martin Marietta: (1) on his discrimination claim because he timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and, alternatively, equitable tolling applied; and (2) on his retaliation claim because each denial of his applications for rehire was a separate adverse employment action that occurred after he engaged in a protected activity. After careful review, we affirm.

I.

We review the grant of summary judgment *de novo*. *Thomas v. Cooper Lighting Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007). Summary judgment is appropriate if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We also review *de novo* whether equitable tolling applies, but we review for clear error a district court's factual findings on equitable tolling. *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1153 (11th Cir. 2005).

## II.

First, we are unpersuaded by Dobbs's claim that the district court erred in granting summary judgment to Martin Marietta on his ADEA discrimination claim. Before filing an ADEA action, a plaintiff in a non-deferral state like Georgia first must file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(A). Missing the charge deadline bars a plaintiff from suing under the ADEA. *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 662 (11th Cir. 1993). The plaintiff has the burden of establishing that he filed a timely charge of discrimination. *See Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982).

The applicable period for filing an EEOC charge of discrimination does not begin to run until the employee receives unequivocal notice of an adverse employment decision. *Wright v. AmSouth Bancorporation*, 320 F.3d 1198, 1201–03 (11th Cir. 2003). However, the Supreme Court has made clear that the statute of limitations begins at the time of the discriminatory act, not when the consequences of that act become painful for the plaintiff. *Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980).

Timely filing a charge of discrimination is not a jurisdictional prerequisite, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Nevertheless, we've held that traditional equitable tolling principles require a claimant to justify his untimely filing by a showing of extraordinary circumstances. *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007). Extraordinary circumstances include fraud, misinformation, or deliberate concealment. *Id.* at 1355. The plaintiff must establish that tolling is warranted because equitable tolling is an extraordinary remedy that should be extended only sparingly. *Bost v. Federal Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004).

Where equitable tolling is warranted, the statute of limitations period does not start to run until a plaintiff knew or reasonably should have known that he was discriminated against. *Carter v. West Publ'g Co.,* 225 F.3d 1258, 1265 (11th Cir. 2000). Further, equitable tolling applies while the employer is actively trying to find another position within the company for the employee. *Cocke v. Merrill Lynch & Co.*, 817 F.2d 1559, 1561 (11th Cir. 1987). We've held that a district court's grant of equitable tolling was clearly erroneous where a plaintiff had some reason to believe at some point during the 180-day filing period that he was the victim of unlawful discrimination. *Ross*, 980 F.2d at 660.

Under common law, the elements of equitable estoppel are: (1) the party to be estopped misrepresented material facts; (2) the party to be estopped was aware of the true facts; (3) the party to be

estopped intended that the misrepresentation be acted on or had reason to believe that the party asserting estoppel would rely on it; (4) the party asserting the estoppel did not know, nor should it have known, the true facts; and (5) the party asserting the estoppel reasonably and detrimentally relied on the misrepresentation. *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1326 (11th Cir. 2008). We've held that a plaintiff is not required to prove the defendant acted in bad faith to be entitled to equitable estoppel, but he must prove the defendant's conduct was for the purpose of obtaining a delay of which it seeks to take advantage. *Kazanzas v. Walt Disney World Co.*, 704 F.2d 1527, 1532 (11th Cir. 1983).

Here, the district court did not err in granting summary judgment to Martin Marietta on Dobbs's claim of discrimination. As the undisputed record reflects, Martin Marietta notified Dobbs on April 10, 2018 that he would be terminated and would not be eligible for rehire. Thus, Martin Marietta provided unequivocal notice of its separation and no-rehire decision on April 10, 2018, starting the 180-day clock. *See Wright*, 320 F.3d at 1201–03.

Dobbs's claim that the statute of limitations should not have begun to run until he realized Martin Marietta would not make him whole -- since he'd lose pension benefits by accepting a transfer to Midsouth Paving, the new owner of the Forsyth quarry -- is without merit. Under our case law, the alleged discriminatory act occurred when Martin Marietta expressed its intention to terminate his employment, *not* when Dobbs realized its effects. *Ricks*, 449 U.S. at 258. Thus, the correct period for the statute of limitations

6                    Opinion of the Court                    21-13533

is April 10, 2018, through October 8, 2018, and Dobbs's EEOC charge, which was filed October 22, 2018, was untimely.  42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(A); *Watson*, 324 F.3d at 1258.

Moreover, the district court did not err in determining that equitable tolling was not warranted.  Dobbs failed to show that any extraordinary circumstances prevented him from timely filing his EEOC charge.  *Jackson*, 506 F.3d at 1353.  The record reveals that Dobbs had enough evidence to bring a discrimination claim on April 10, 2018, when he was told that he would be terminated with no opportunity to be rehired and that Wilson Lin, a younger employee, would be transferred to continue to work for Martin Marietta. *See Carter*, 225 F.3d at 1265.  According to Dobbs's testimony, he already had suspicions by this time that he was being discriminated against because of his age.  To start the statute of limitations clock under our law, Dobbs simply needed unequivocal notice and reason to believe Martin Marietta's decision was a discriminatory act. *Wright*, 320 F.3d at 1201–03; *Carter*, 225 F.3d at 1265.  On the undisputed factual record, Dobbs had both on April 10, 2018.

Nor is equitable tolling warranted on the ground that Martin Marietta secured future employment for Dobbs at Midsouth Paving.  As of April 10, 2018, Dobbs knew that Martin Marietta had decided not to search for positions within the company for him to retain his employment. *See Cocke*, 817 F.2d at 1561.

Dobbs also raised an equitable estoppel claim based on Martin Marietta's false statements that the DOJ required his termination.  But even assuming that Martin Marietta intentionally misled

Dobbs for the purpose of delaying his filing of an EEOC charge, the record indicates that Dobbs did not rely on that statement. Rather, as we've noted, Dobbs believed as of April 10, 2018, that Martin Marietta had discriminated against him because of his age. *Busby*, 513 F.3d at 1326. Accordingly, his EEOC charge was filed out of time, and we affirm the grant of summary judgment to Martin Marietta on Dobbs's discrimination claim.

## III.

We also are unconvinced by Dobbs's argument that the district court erred in granting summary judgment to Martin Marietta on his ADEA retaliation claim. The ADEA prohibits retaliation against employees who complain of age discrimination. *See* 29 U.S.C. § 623(d). A plaintiff alleging retaliation establishes a *prima facie* case by showing that (1) he engaged in a statutorily protected expression, (2) he suffered an adverse employment action, and (3) there was a causal link between the protected expression and the adverse action. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). To show a causal link between the protected expression and the adverse employment action, the plaintiff must show that the employer had knowledge of the protected expression at the time it took the adverse employment action. *Bungart v. Bell-South Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000).

The undisputed record in this case shows that the alleged retaliatory act -- Martin Marietta's decision not to rehire Dobbs -- occurred and was expressed to Dobbs *before* August 2018, the date he first engaged in protected activity by communicating his

concern of age discrimination with the company. *See Bungart*, 231 F.3d at 799. So while the denials of his several applications for re-hire occurred later, they were not separate adverse employment actions because the decision not to rehire him was made before he applied for any position. Indeed, his testimony reflected that he understood he would not be rehired based on the original no-rehire determination on April 10, 2018. *See Ellerth*, 524 U.S. at 761.

Because the only adverse employment action Dobbs suf-fered -- the no-rehire decision on April 10, 2018 -- occurred before his August 2018 protected activity, Dobbs failed to establish a causal connection between Martin Marietta's action and his later protected activity. And establishing a causal connection was nec-essary for him to state a prima facie case of retaliation. *See Bungart*, 231 F.3d at 799. Further, any evidence concerning whether the DOJ required Martin Marietta to terminate Dobbs was irrelevant to his retaliation claim. Even if Martin Marietta misled Dobbs about its reason for the termination, the adverse employment ac-tion was taken prior to Dobbs engaging in any protected activity. *See id.* Accordingly, there is no genuine issue of material fact con-cerning whether Dobbs failed to state a prima facie case of retalia-tion, and we affirm the grant of summary judgment in favor of Martin Marietta.

**AFFIRMED.**