Donald **DRAEGER**, Plaintiff,

v.

**JOCKEY INTERNATIONAL, INC.**, Defendant.

No. 82 Civ. 8693 (WK).

United States District Court, S.D. New York.

April 10, 1984.

Willard & Nusbaum, Westport, Conn., for plaintiff.

Lindner, Honzik, Marsack, Hayman & Walsh, P.C., Milwaukee, Wis., for defendant.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

The question presented by this motion for summary judgment is whether plaintiff may be allowed to maintain his action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 623 *et seq.*, despite the fact that he concededly did not file his complaint until well after the limitation period prescribed in 29 U.S.C. § 626(d) had expired.[1]

Defendant acknowledges that "a trend in recent court decisions ... indicates ... a legislative intent that the requirements of § 626(d) not be held strictly jurisdictional, but rather that they be subject to tolling where equities so dictate." Defendant's Brief at 10. *Johnson v. Al Tech Specialties Steel Corp.* (2d Cir.1984) 731 F.2d 143; *Pirone v. Home Insurance Company* (S.D. N.Y.1981) 507 F.Supp. 1281. Our only question, therefore, is whether or not the equities "so dictate" in this case.

■ Equitable tolling of the limitation period may properly be granted for that period of time during which plaintiff had no "actual knowledge" of his rights under the ADEA, and where such lack of information was due at least in part to his employer's failure to comply with the requirement (set forth in 29 U.S.C. § 627) that a statement of employees' rights be conspicuously posted in the workplace.[2] *Templeton v. Western Union Telegraph Co.* (5th Cir.1979) 607 F.2d 89. We agree with plaintiff that factual questions exist with respect to defendant's compliance with the posting requirements.[3] However, those questions need not be resolved since we rule that as a matter of law plaintiff did possess actual knowledge of his ADEA rights from sources other than "ADEA posters."

■ Plaintiff admits that during his employment with defendant he possessed actual knowledge of the existence of various anti-discrimination laws, including laws concerning discrimination on the basis of age, and further that such laws concerned "employment decision[s]." Deposition of plaintiff at 47–48, 65, 95–96. Plaintiff further admits knowledge that an employer could not refuse to hire or promote a person because of age or race, and could not fire or demote an employee because of race. He claims to have thought, however, that there was no impediment to *discharging* an employee because of age.

Plaintiff, who holds university degrees in several subjects, was employed by defendant as—among other positions—an Assistant National Sales Manager and as Vice-President, both of which positions entailed much personnel work. In the latter position, plaintiff participated in decisions to fire other employees, in all of which decisions he "assured [him]self" and "documented to" the affected employees that

---

1. Plaintiff was discharged from his job on May 22, 1980 and filed his complaint on October 29, 1982, two years and five months (890 days) later. The longest permissible interval between an alleged discriminatory event and the filing of a complaint is 300 days. 29 U.S.C. § 626(d)(2).

2. There is no penalty for failure to fulfill the posting requirements.

3. It is conceded that in defendant's Kenosha, Wisconsin plant, where plaintiff worked until December 1979, no posters were displayed until November 4, 1971; plaintiff contends that, even subsequent to that date, such displays were not sufficiently conspicuous. It is unclear whether or not any notices were ever posted in defendant's New York office, where plaintiff worked from December 1979 until he was discharged.

these "decisions were ... based on their performance and their abilities, their conduct," and not on discriminatory considerations. Deposition of Plaintiff at 64. Most tellingly, while plaintiff could not recall any incidents or allegations of discharge for reasons of an employee's age, he was aware "in a general sense" that such an employment decision would give rise to a cause of action against defendant. Deposition of Plaintiff at 64–65.

Against this background, we find incredible as a matter of law plaintiff's claim that he was unaware for almost two and a half years after his discharge that such discharge would have been unlawful if based on his age. Plaintiff was aware of the general thrust of the anti-discrimination laws; and, as a highly-educated executive, he will not be heard to claim a "lack of sophistication" or education which might make him unaware of their import, *Bishop v. Jelleff Associates, Inc.* (D.D.C.1974) 398 F.Supp. 579; *Nielson v. Western Electric Co.* (8th Cir.1979) 603 F.2d 741. We do not think it material whether or not he was aware that certain lawsuits instituted during his tenure by discharged employees contained claims of age discrimination. Nor do we think it relevant whether or not he attended workshops and seminars on the subject of age discrimination.[4] In light of plaintiff's admitted knowledge and his extensive day-to-day experience in hiring and firing, and in considering the implication thereto of various anti-discrimination laws, such formal notifications are not necessary. Plaintiff admits having known that age could not be used as a factor in hiring, promoting or demoting, but (although admitting knowledge that race could not be so used) denies realizing that it could not be used in discharging. No jury could reasonably conclude that a man of plaintiff's intelligence, education and experience would not and did not reach this obvious conclusion.

This ruling renders irrelevant the interesting question which had troubled us at oral argument: whether, as Judge Carter held in *Pirone, supra,* a plaintiff must be afforded actual knowledge of the procedural requirements for filing an action under the ADEA. Plaintiff makes no claim that his tardiness was due to his having been lulled into believing that he had an indefinite period of time so to do. On the contrary, he asserts that the instant he "became aware of the specific legal rights he had as a result of the ADEA," he "took immediate steps to file a charge against his former employer." Letter of plaintiff's counsel of September 21, 1983 at page 9.[5] The existence or non-existence of a statute of limitations was therefore totally irrelevant to his conduct.[6]

Having rejected plaintiff's contention that he was unaware of his right not to be discharged because of his age, we must determine whether, with the knowledge we impute to him, he can be excused for not having asserted his rights in a timely fashion. *Pirone, supra,* 507 F.Supp. at 1288. Plaintiff has suggested no such excuse, and we can think of none. Clearly defendant has been prejudiced by the delay, *Pirone, supra:* any conciliation which might

---

**4.** Plaintiff asserts that, since such attendance was found crucial in determining the actual knowledge possessed by the plaintiff in *Nielson, supra,* it should be of similar importance here. We disagree. Information gained from such formal educational sources is but one type of actual knowledge; we are aware of no authority for the proposition that it—or any other specific kind of actual knowledge—is a prerequisite to defeat a claim for equitable tolling of the § 626(d) limitations period.

**5.** Insofar as plaintiff suggests that the provisions of § 626(d) constitute a "right" of which he was unaware, we reject this. That section is by its terms a *limitation* on his rights—which limitation, as we have observed, was wholly irrelevant to his conduct.

**6.** We note that we would have been faced with an entirely different situation had the plaintiff asserted that he did not file the action in timely fashion because he had been unaware of any time constraints. Although such a contention might have been implausible, in view of plaintiff's extensive knowledge and experience, it would not have been incredible as a matter of law. We would, therefore, have been constrained to deny defendant's motion.

have been effected would have been made difficult, if not impossible, by the lapse of almost two and a half years after plaintiff's discharge.

We therefore remain unconvinced that plaintiff is entitled to an equitable tolling of the § 626(d) limitation period; and grant defendant's motion for summary judgment.

SO ORDERED.