774 F.2d 1162
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gwen L. Jackson, Plaintiff-Appellant,
v.
Commonwealth of Kentucky Cabinet for Human
Resources,Defendant-Appellee.
 No. 84-5114
 United States Court of Appeals, Sixth Circuit.
 9/17/85
 
 E.D.Ky.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 BEFORE: JONES and WELLFORD, Circuit Judges; and HOGAN*, Senior District Judge.
 PER CURIAM.
 
 
 1
 Gwen Jackson, a former Kentucky state civil servant, submitted his resignation when he learned that he was to be laid-off from work. Subsequently he brought a state administrative action against the state claiming various errors in the process by which he was placed on the lay-off list. He sought to have his resignation vitiated, but he was unsuccessful in the agency action and a subsequent state court suit. He also filed a sex discrimination complaint with the Kentucky Commission on Human Rights, deferred to the EEOC, which subsequently issued him a right to sue letter. He then brought the instant suit in federal district court, primarily claiming sex discrimination. The district court granted defendant's motion for dismissal relying on Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982), and holding that the earlier state proceedings must be accorded res judicata effect. Because we find that the state courts' determinations that appellant voluntarily resigned precludes his claim of discriminatory termination, we AFFIRM the district court's dismissal of his suit.
 
 I.
 
 2
 Appellant had been a public employee in the Kentucky Department for Human Resources for twelve years when he learned that he was on a list of persons to be laid-off. To avoid the stigma he perceived associated with a lay-off, he asked the Commissioner of the health services bureau if he could resign from his position rather than being put on the list of persons to be laid-off. The day after this meeting, April 23, 1980, the Commissioner told him that he would accept his resignation, but told him to date it the previous day. Appellant did so, and submitted a letter of resignation, which read in part:
 
 
 3
 It is with the utmost regret that I now tender my resignation as concerns employment with the Bureau for Health Services, Department for Human Resources.
 
 
 4
 I have recently accepted a management position with a non-state government agency. Their offer of increased salary and greater responsibility is the major factor in my leaving.
 
 
 5
 In fact, appellant did not have an offer with a 'non-state government agency.' The letter set May 16, 1980, as the effective date of his resignation, which was one day beyond the date scheduled under the lay-off plan. The department failed to remove appellant's name from the lay-off list as they had agreed, but rather circulated an amendment to the lay-off plan which deleted appellant's position number and made other unrelated corrections.
 
 
 6
 Subsequently, appellant learned that of the fifty-five employees in his Division of Mental Health, more than half were female but all nine individuals included in the lay-off were male; in fact, one female employee who had been scheduled for a lay-off was not laid-off. We note that Jackson's characterization of the lay-off plan is somewhat misleading, however, since the lay-off plan for the entire Human Resources department contained a number of women employees.
 
 
 7
 After appellant filed charges with the EEOC, it issued appellant a right to sue letter holding 'no reasonable cause was found to believe that the allegations made [were] true.' Appellant specifically charged in the EEOC complaint, 'I believe I was compelled to resign, was slated for lay-off, and discriminated against because of my sex, male.'
 
 
 8
 On the same day he filed his discrimination claim, appellant also filed an appeal with the Kentucky Personnel Board seeking to set aside his resignation. The State Personnel Board held a hearing on August 28, 1980, during which appellant testified in part:
 
 
 9
 I gave the resignation because I felt that the lay-off was done in an unfair, discriminatory manner, I felt that it was unfair in a variety of ways, no less than sex and age discrimination.
 
 
 10
 On November 19, 1980, the Personnel Board filed its findings of fact, which in part stated:
 
 
 11
 the agencies [sic] argument is that the appellant cannot have the best of two worlds. Their contention is that the appellant could have waited until his lay-off becomes [sic] effective and appealed that decision--placing the burden of proving the legality of the lay-off on the agency--or attacking the legal validity of his 'resignation' prior to the lay-off putting the burden on appellant to prove the illegality of said resignation--but that appellant cannot appeal both actions--the lay-off and the resignation. The hearing officer agrees with this conclusion of law.
 
 
 12
 The hearing officer, however, not only found that appellant's resignation had been accepted in good faith, but also held that appellant failed to prove his allegations of sex discrimination, by concluding:
 
 
 13
 The appellant has failed to carry the burden of proof relating to his resignation being involuntary or coerced. The resignation was voluntary, freely given and rightfully accepted by the appellee agency who [sic] carried out their obligations thereunder.
 
 
 14
 The appellant has also failed to prove any of the alleged discriminatory practices he claims imposed upon him by the appellee agency.
 
 
 15
 The hearing officer recommended dismissing appellant's appeal, and on February 17, 1981, the full Board affirmed the hearing officer's findings and conclusions, and adopted his recommended order.
 
 
 16
 The Franklin Circuit Court affirmed the order of the state personnel board on January 6, 1982. The court noted that the Personnel Board had made two specific findings of fact: that appellant's resignation was freely made and accepted in good faith, and that there was no showing of discrimination by the department for human resources. The court, however, addressed specifically only the validity of appellant's resignation, and not the merits of his discrimination claim:
 
 
 17
 The evidence taken by the Personnel Board indicates the plaintiff-appellant knew precisely what he was doing when he submitted his resignation. Further the Board accepted it in good faith, and without a show [sic] of discrimination.
 
 
 18
 The court apparently viewed appellant's discrimination claim as referring to the acceptance of his resignation. This is not what appellant attempts to show in his federal claim; rather, he attempts to show that the lay-off list itself was discriminatory, and that his resignation was precipitated by the inclusion of his name on the lay-off list.
 
 
 19
 Appellant then appealed to the Kentucky Court of Appeals, which affirmed the lower court's holding. The Court of Appeals correctly characterized plaintiff's claims as questioning the validity of the resignation and the legality of the lay-off plan. The court specifically held:
 
 
 20
 Having concluded that [appellant] voluntarily resigned and was not terminated pursuant to the lay-off plan, we need not reach the issue of the validity of the plan. We do note in this regard, however, that appellant presented absolutely no evidence before the board that the plan was discriminatory. Appellant's opinions and personal observations are an insufficient basis upon which to ground his charges of discriminatory treatment.
 
 
 21
 (Emphasis in original). On February 28, 1983, the Kentucky Supreme Court denied appellant's motion for discretionary review.
 
 
 22
 In neither brief to the Kentucky courts did appellant raise a discrimination claim. Appellant rather merely claimed that his resignation was invalid and that his name had been included on the lay-off plan without the correct procedures being followed. Appellant was represented by counsel in those two proceedings, but has prosecuted his federal suit and this appeal pro se.
 
 II.
 
 23
 As noted earlier, on June 10, 1982, the EEOC issued a right to sue letter, after which appellant brought suit in federal district court again claiming that his resignation was ineffective and claiming that he had been discriminated against. The district court granted defendant's motion for summary judgment on the basis of res judicata, relying on Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982).
 
 
 24
 In Kremer, the Supreme Court held that a federal district court must give preclusive effect to a state court decision upholding a state administrative agency's rejection of employment discrimination claims.[1] Id. at 466-67. Plaintiff there had claimed employment discrimination in his lay-off from a private company. He filed a complaint with the EEOC, which referred his charges to the state division of human rights. The state agency found no probable cause to believe that plaintiff had been subject to discriminatory practices. Plaintiff then filed a petition in state court to set aside the adverse administrative determination. The state court affirmed the agency. The EEOC subsequently issued a right to sue letter finding no reasonable cause to believe that the charge of discrimination was true, and plaintiff brought a Title VII suit in federal district court. The court dismissed the case on res judicata grounds, the Court of Appeals affirmed, as did the Supreme Court.
 
 
 25
 While in Kremer, plaintiff had only alleged a discrimination claim, and the state agency responsible for handling discrimination claims clearly addressed the issue, in the instant case, the state agency and the state court each stated that their primary ground for dismissing appellant's complaint was because they found he had not been compelled to, but rather had voluntarily resigned. This finding necessarily precludes appellant's assertion of discriminatory termination. The agency and the courts furthermore noted that appellant completely failed to prove any sex discrimination in the state's actions.
 
 
 26
 Elliott v. University of Tennessee, 766 F.2d 982 (6th Cir. 1985), instructs that the res judicata principles of Kremer encompass two forms of preclusion: claim preclusion and issue preclusion. Id. at 986 n.1. In order for issue preclusion to bar appellant's discrimination claim, there must have been a decision in a different proceeding between the same parties in which the court decided an issue of fact or law necessary to its judgment. Id. In the instant case the Kentucky courts stated that they did not need to reach appellant's sex discrimination claim because they found that appellant had voluntarily resigned. We must accept as correct the necessary factual determination concerning the voluntariness of appellant's resignation, and the absence of discrimination proof, despite a full opportunity to pursue it.
 
 
 27
 Under federal law, even if an employee resigns from his place of employment he may base a discrimination claim upon the doctrine of constructive discharge. See, e.g., Jacobs v. Martin Sweets Co., 550 F.2d 364 (6th Cir.), cert. denied, 431 U.S. 917 (1977); Downey v. Southern Natural Gas Co., 649 F.2d 302 (5th Cir. 1981). In order to show constructive discharge, however, an employee must show that an employer has intentionally made his working conditions so unbearable that a reasonable person would feel compelled to resign. A finding that an employee voluntarily resigned is antithetical to a finding that an employee was compelled to resign. Thus, the state court's factual determination that appellant voluntarily resigned necessarily determined that the state did not discriminatorily terminate appellant. Therefore appellant's discrimination suit must fail as a matter of law.
 
 
 28
 The district court's grant of the state's motion for dismissal is AFFIRMED, and judgment is rendered for appellee.
 
 
 
 *
 HONORABLE TIMOTHY S. HOGAN, United States District Court for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Appellant attempts to distinguish Kremer by noting in this case that the state court was not affirming a Sec. 706 agency's determination. The Supreme Court in Kremer held that the federal courts must give res judicata effect to a state court's factual and legal determinations concerning employment discrimination. As long as the state agency had jurisdiction to reach the discrimination issue it is irrelevant that the agency was not a Sec. 706 agency. The Kentucky Personnel Board did have jurisdiction to reach appellant's discrimination claim. Ky. Rev. Stat. 18.270 (Board may award such relief that will make whole an employee who has been subject to discriminatory actions)