[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10094
Non-Argument Calendar

_____

D. C. Docket No. 05-00192-CV-J-20MMH

KATHY STEVEN,

Plaintiff-Appellant,

versus

RICHARD MCKILLOP, employee of the
United States Post Office
in his individual capacity,
LARRY MEDLOCK, employee of the
United States Post Office
in his individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 10, 2006)**

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Kathy Steven, proceeding pro se, appeals the district court's order dismissing her civil rights complaint as time-barred. Steven also argues that the district court erred by failing to conduct an evidentiary hearing. After review, we affirm.

## I. BACKGROUND

On March 2, 2005, Steven filed a pro se complaint against Richard McKillop and Larry Medlock, employees of the United States Postal Service ("USPS"), in their individual capacities, alleging a violation of her Fifth Amendment rights. In her complaint, Steven alleged that she began employment with the USPS in October 1999 under the supervision of McKillop and Medlock, and that she was terminated on January 28, 2000, "for confrontation with another employee." Steven received notice of her termination on January 28, 2000, via a letter that was given to her by one of the defendants. Steven's complaint sought damages in the amount of $3,600,000.

The defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), alleging that the complaint was filed after the applicable four-year statute-of-limitations period had expired. In response, Steven argued, inter alia,

2

that the limitations period did not begin to run until she was aware that she had been injured, and that she did not have knowledge of her injury until she had conducted legal research. Steven also requested that the district court hold an evidentiary hearing on her complaint.

Without holding an evidentiary hearing, the district court found that Steven's complaint was time-barred and granted the defendants' motion to dismiss. The district court found that Steven was aware of her termination on January 28, 2000, the date she received the termination letter, and that she had, at most, four years in which to file her complaint, or until January 28, 2004. However, Steven did not file her complaint until March 2, 2005. The district court also noted that Steven's ignorance of the law did not constitute good cause for excusing the delay. Accordingly, the district court dismissed Steven's complaint with prejudice.

## II. DISCUSSION

On appeal, Steven argues that her complaint is not time-barred.[1] The parties do not dispute that Steven's complaint, which we construe as filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), is governed by Florida's residual limitations

---

[1]We review de novo the district court's interpretation and application of a statute of limitations. Harrison v. Digital Health Plan, 183 F.3d 1235, 1238 (11th Cir. 1999).

period of four years. <u>See</u> Fla. Stat. § 95.11(3)(p).[2] Rather, the parties dispute when Steven's cause of action accrued, and likewise, when the statute of limitations expired. A cause of action does not accrue until the plaintiff knows or has reason to know that she has been injured and is aware of who inflicted the injury. <u>Mullinax v. McElhenney</u>, 817 F.2d 711, 716 (11th Cir. 1987) (addressing cause of action under § 1983). Here, it is clear from the face of Steven's complaint that her injury occurred on January 28, 2000, the date of her termination, and that she was aware of who inflicted the injury at that time. Thus, Steven's cause of action against the defendants in this case accrued on January 28, 2000, and she had four years from that date in which to file her complaint. The fact that Steven may not have been aware of any possible legal recourse at that time does not change this fact or toll the limitations period. <u>See</u> <u>Quina v. Owens-Corning Fiberglas Corp.</u>, 575 F.2d 1115, 1118 (5th Cir. 1978) (noting that ignorance of legal rights does not toll the statute of limitations). Because Steven's complaint was not filed until

---

[2]A <u>Bivens</u> action is subject to the same statute of limitations that would apply to a complaint brought pursuant to 42 U.S.C. § 1983. <u>Kelly v. Serna</u>, 87 F.3d 1235, 1238 (11th Cir. 1996). In turn, the Supreme Court has directed that the state limitations period applicable to personal injury actions should be applied to all actions brought pursuant to § 1983. <u>Wilson v. Garcia</u>, 471 U.S. 261, 276, 280, 105 S. Ct. 1938, 1947, 1949 (1985), <u>superceded by statute as recognized in</u> <u>Jones v. R.R. Donnelley & Sons Co.</u>, 541 U.S. 369, 379-80, 124 S. Ct. 1836 (2004). "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." <u>Owens v. Okure</u>, 488 U.S. 235, 249-50, 109 S. Ct. 573, 582 (1989). Florida is one such state with multiple statutes of limitations for personal injury actions, and Florida law provides a residual limitations period of four years. Fla. Stat. § 95.11(3)(p).

4

March 2, 2005, more than five years later, the district court correctly found that Steven's complaint was time-barred.

We also conclude that the district court did not abuse its discretion by refusing to hold an evidentiary hearing. Because it was clear from the face of the complaint and other pleadings that Steven's complaint was time-barred, an evidentiary hearing was not necessary in this case. See Cano v. Baker, 435 F.3d 1337, 1342-43 (11th Cir. 2006) (concluding that the district court did not abuse its discretion by denying request for an evidentiary hearing where holding such a hearing would not aid the court's analysis on a question of law).

### III. CONCLUSION

Based on the foregoing reasons, we affirm the district court's order dismissing Steven's complaint.

**AFFIRMED.**

5